### S. B. BURCK ET AL. v. GEORGE M. ABBOTT.

Decided December 1, 1899.

**1. Illegal Contract—Public Office.**

Where a public officer agrees not to exercise the duties of the office, but to appoint such deputies as may be named by the other parties to the contract, such parties to pay him a fixed amount monthly, the agreement is against public policy and void.

**2. Same—Consideration Illegal in Part Taints Whole.**

Where part of the consideration is illegal it taints the whole contract, and the courts will deny its enforcement even though the party pleading the illegality obtains an unconscionable advantage thereby.

**3. Same.**

One who assumes a public office but discharges none of its duties has no just claim to any of its emoluments.

APPEAL from Galveston. Tried below before Hon. WILLIAM H. STEWART.

*Lovejoy, Sampson & Malevinsky,* for appellants.

*S. S. Hanscom,* for appellee.

GILL, ASSOCIATE JUSTICE.—This suit was instituted on March 23, 1898, by George M. Abbott, appellee, against S. B. Burck, J. C. McDonald, and B. F. Smith, appellants. The petition of the plaintiff declared upon an express contract to the effect that on or about August 1, 1895, the plaintiff contracted with the defendants to serve them in weighing and checking cotton in the city of Galveston for a period of one year from August 1, 1895, until August 1, 1896, at the rate of $162.50 per month, and that on August 1, 1896, said contract was renewed for another year upon similar terms. The plaintiff alleged that he had faithfully carried out and discharged the duties of his employment, conformably to the terms of his contracts, but that the defendants had refused to pay, and had not paid, the plaintiff for his work from May 1, 1896, until August 1, 1897, and claimed a balance due him of $2437.50. Defendants answered said petition on February 17, 1899, by general denial, and specially that the contract made between plaintiff and defendants

was made some time in June, 1895, and was for a period of two years, commencing on August 1, 1895, following, and ending July 31, 1897, at a salary of $162.50 per month; that said contract was verbal; that no other contract was made between plaintiff and defendants, and that inasmuch as said contract could not be performed within a period of one year from the making thereof, that it was in violation of the statute of frauds, and void. On February 17, 1899, the plaintiff filed a supplemental petition, in which he denied the allegations in the defendants' answer, and alleged that he had performed all of the services for the first year, and that the same were reasonably worth the sum of $162.50 per month, and that he had not been paid, etc.

On February 23, 1899, the defendants filed a trial amendment, in which they alleged that the contract made between the plaintiff and the defendants involved the sale of a public office; that the plaintiff was a State officer, to wit, a public weigher, and that said contract was void as against public policy. The case was tried on February 23 and 24, 1899, and resulted in a verdict for the plaintiff for the sum of $562.50, with accrued interest, upon which verdict judgment was duly entered.

The facts are as follows: The appellee was appointed in 1895 by the Governor of Texas as a cotton weigher of Galveston County for a period of two years. In June or July of 1895 he made a contract with Burck & McDonald, acting for themselves and the other cotton weighers of Galveston County (all of whom had associated themselves together under an arrangement to jointly prorate their expenses and keep down competition), whereby he agreed to work for appellants whenever and wherever directed for a period of two years, ending July 31, 1897, at the agreed salary of $162.50 per month, or $3900 for the two years. As a part of the consideration for this salary, appellee bound himself not to exercise the duties of his office and to appoint only such deputies as should be named by appellants, and such deputies thus appointed should be controlled by appellants, as was the appellee. The contract was verbal. In pursuance of this agreement the appellee qualified as required by law, and went to work for Burck & McDonald at the monthly salary agreed upon. At the date of this arrangement the cotton weighers of Galveston were charging 6 cents per bale for weighing cotton, but thereafter the price was raised to 10 cents per bale, though subsequently reduced to 8 cents. The maximum charge permitted by law was 10 cents per bale. Some time after this combination had been consummated it was dissolved by mutual consent, and appellant B. F. Smith, who was a member of the combination, agreed to take appellee off the hands of the association, the terms of the employment not being changed, and appellee worked for Smith under the same terms and conditions he had originally made. The only work to which he was ever put under either arrangement was checking cotton, and the only witness who testified upon the question of the value of his services stated that the maximum price paid for "cotton checkers" was $1800 per year, some of them getting as low as $900. After he went to work for Smith he was paid the salary

above named until about the last of April, 1896, when Smith insisted on reducing appellee's salary to $125 per month. He refused to assent to the reduction, claiming the contract price, and some time thereafter quit work. The evidence is conflicting as to whether he worked during May, June, and July, but the jury found that he did, and gave him a verdict for three months salary at $162.50 per month.

The appellee denies any knowledge of the purposes of the combination, but the terms and purposes of the contract are undisputed. He also admits that at the time he went to work for appellant Smith he was under the direction of Burck & McDonald and worked for Smith at their command. It is agreed in the statement of facts that the *port of Galveston* suffered nothing by the combination or contract, the cotton being weighed as efficiently as if no such arrangement existed. From a judgment upon the above verdict this appeal was taken.

Appellants, by their first assignment of error, assail the action of the trial court in refusing to submit the issue as to the invalidity of the agreement as against public policy, it being contended that the contract under which appellee seeks a recovery was, in effect, the sale of his office. A special charge was requested to this effect and was refused. Whether appellee had actual knowledge of the combination between the cotton weighers of Galveston, whereby they undertook to keep down competition among the cotton weighers, the fact remains that the manifest purpose of appellee's contract with appellants was to deprive him of the right to exercise the duties of his office and required an abandonment by him to appellants of his right to name, untrammeled by the influence of appellants, the deputies which the law empowered him to appoint for the benefit and convenience of that part of the public having cotton to weigh. The consideration for the sum agreed to be paid him was, at least in part, the abandonment of his office with its duties and emoluments, and his right to name his deputies was assigned to appellants for a money consideration. The courts can not hesitate to hold such a contract invalid. Appellee was appointed to the office, not for his private gain, but because the public necessity was supposed to require the appointment of some suitable person to the position. Greenh. Pub. Pol., 342, 343. If he did not desire to exercise its duties, he should have tendered his resignation, when some other doubtless would have been appointed in his stead. The personal trust was reposed in him as a suitable person for the place. And having violated the trust thus imposed, the courts will not enforce in his behalf the contract, nor any part of it, through which the wrong was accomplished. Weigner Bros. v. Beiring, 65 Texas, 509; Seeligson v. Lewis, 65 Texas, 215; Mech. on Pub. Off., secs. 368, 369; Edwards v. Randle, 38 S. W. Rep., 343; Am. and Eng. Enc. of Law, p. 447; Greenh. Pub. Pol., 338.

In Weigner v. Beiring the authorities as to the effects of the illegal consideration are fully reviewed, and the rule as there declared is so well established in this State we deem it unnecessary to further discuss or cite the authorities.

That a part of the consideration for the contract was lawful can make no difference. The part of the consideration which is illegal taints the whole, and the courts will not expend their time in the inquiry as to what part of it was lawful. Nor does it vary the rule that appellants who invoke the doctrine are equally guilty and can thus by their unlawful acts obtain an unconscionable advantage. The policy of the law is to discountenance the making of such contracts, and it is thought this can be done in no more effective way than by a refusal to enforce them, and this is done without regard to the effect it may have upon the parties to the prohibited transaction.

The authorities cited by appellee we do not regard as bearing directly upon the question, and in Mott v. Robbins, 37 American Decisions, 286, cited by appellee, it is held that a sheriff who appoints a deputy under an agreement that the deputy shall have all the fees he may earn, but shall pay to the sheriff a gross sum agreed upon, may not enforce the contract.

To appellee's plaint that it would be unjust to deny his right to recover because it would deprive him of the entire two years' emoluments of his office, it is sufficient reply to say, if he desired the emoluments of his office he should have discharged its duties and earned them. If they are lost to him it is by his own fault. The courts are maintained at public expense, and their time is not to be consumed in the enforcement of contracts made in detriment and utter disregard of the interests of the State.

The court erred in refusing to submit the issue as to whether the contract was void as against public policy.

The contention that this is harmless error, in the light of the verdict and judgment, is not sound. It is by no means undisputed that the contract with Smith after the dissolution of the combination was new and independent of the old. In one view of the case it was a contract between Smith and Burck & McDonald, rather than with appellee, and the fact that the same salary per month was insisted on and that appellee did not resume the duties of his office, considered in connection with this suit, in one phase of which the entire contract for the two years is sought to be enforced, not only against Smith, but against Burck & McDonald, amply raises the issue as to the alleged new contract. The dissolution of the combination has nothing to do with this feature of the case, as the contract is not held invalid because in violation of the anti-trust law or in restraint of trade.

Appellee can in no event recover upon the old contract with Burck & McDonald as its nature is disclosed by this record.

For the error of the court in refusing to submit for the determination of the jury the question whether the transaction with Smith was tainted with the illegal consideration upon which the original contract was based, the judgment is reversed and the cause remanded. It is not deemed necessary to notice the remaining assignments of error.

*Reversed and remanded.*