## ALBERTYPE COMPANY v. GUST FEIST COMPANY

### No. 1899. Decided December 23, 1908.

**1.—Anti-Trust Law—Interstate Commerce.**

A contract between a citizen of New York and a citizen of Texas for sale of a certain article only to the latter in the city where he did business was not prohibited by the Act of March 31, 1903 (Anti-trust Act, Laws, 28th Leg. p. 119). The Act could not be held to apply to interstate commerce, since such construction would render it unconstitutional (Const. U. S., art. 1, sec. 19). (Pp. 221, 222.)

**2.—Damages—Loss of Future Profits.**

Damages were not recoverable for the loss of future profits by failure to perform a contract to furnish advertising matter, the profits depending upon future uncertain conditions and the evidence furnishing no data from which the loss could be determined. (P. 222.)

**3.—Jurisdiction of Supreme Court—Constitutional Question.**

The Supreme Court may grant writ of error in a case reversed and remanded on appeal where it involves the validity of a statute by reason of its conflict with the Constitution of the United States. (P. 222.)

Error to the Court of Civil Appeals for the First District, in an appeal from Galveston County.

The Gust Feist Co. sued the Albertype Co. and recovered judgment, which was reversed on appeal by defendant. Appellee thereon obtained writ of error.

*Geo. Q. McCracken,* for plaintiff in error.—The contract entered into with defendant in error was not inhibited by the anti-trust Act of 1903. Acts of 1903, p. 120; In re Grice, 79 Fed., 627; Gates v. Hooper, 90 Texas, 563; Packard v. Byrd, 6 L. R. A. (N. S.), 547; 1 Story on Contracts, sec. 680; Wait's Actions and Defenses, 111; Norton v. Thomas, 99 Texas, 578; Texas & St. L. Ry. Co. v. Robards, 60 Texas, 545; Forrest Photographic Co. v. Hutchinson Gro. Co., 108 S. W., 768; 8 Cyc., 886, and authorities cited; 9 Cyc., 523 et seq., 569; Keith v. Hirsberg Optical Co. (Ark.), 2 S. W., 777; Whitwell v. Con. Tob. Co., 125 Fed., 454, 64 L. R. A., 689; Duffy v. Shockey, 11 Ind., 70, 71 Am. Dec., 348.

In order to recover profits in case of a breach of contract, such profits must have been within the contemplation of the parties at the time the contract was made. Hamilton v. Schumacher, 4 Texas Civ. App. Cas., sec. 212; 13 Cyc., 36, and authorities cited.

*Jas. B. & Chas. J. Stubbs,* for defendant in error.—This case does not involve the validity of a statute nor the construction and application of the Constitution of this State, and is, therefore, not reviewable by the Supreme Court on these grounds. Rev. Stats., arts. 940, 941, 996; Mathews Lumb. Co. v. Hardin, 87 Texas, 639; Herf v. James, 86 Texas, 231.

A contract by which the vendor bound himself to sell to the vendee, and no other person, articles of merchandise of a certain class, in a certain designated territory, and the vendee agreed to buy a certain number, such contract being made to avoid competition, was in violation of the anti-trust law of this State, and was void, and hence the vendor could not maintain a suit to recover the price of goods sold in pursuance thereof. Troy Buggy Works Co. v. Fife & Miller, 7 T. C. R., 882; Pasteur Vaccine Co. v. Burkey, 22 Texas Civ. App., 232.

As plaintiff did not comply with his contract, the defendant was entitled to the damages resulting from plaintiff's breach. Tripis v. Gamble, 28 S. W., 244; Stark v. Alford, 49 Texas, 260; Florida, etc., Club v. Hope Lumb. Co., 18 Texas Civ. App., 161; Anderson Elec. Co. v. Cleburne Water Co., 27 S. W., 504; Boehringer v. Rich-

ards Med. Co., 9 Texas Civ. App., 284; Brantley v. Thomas, 22 Texas, 275; Whittaker v. Hueske, 29 Texas, 355; Benj. on Sales, secs. 652, 652a; Story on Sales, sec. 138; Mills v. Johnson, 3 Texas Civ. App., 360; Blythe v. Speake, 23 Texas, 429; Aultman & Taylor Co. v. Hefner, 67 Texas, 54; Scalf v. Tompkins, 61 Texas, 476; Routh v. Caron, 64 Texas, 289.

MR. JUSTICE BROWN delivered the opinion of the court.

In the year 1906 The Albertype Company was located in Brooklyn, New York, and engaged in preparing and selling souvenir books or albums. The defendant in error was located in Galveston, Texas, and engaged in business there. A. E. Suppiger was the traveling representative of The Albertype Company and had made a number of sketches of buildings and different objects and views in Galveston. He endeavored to sell to the defendant in error a souvenir album containing the sketches and views, but at first the defendant in error refused to buy. On March 30, 1906, Suppiger being in Galveston, approached the defendant in error, again proposing to have prepared for him and to sell to him the souvenir album containing the sketches which had before been taken. The Gust Feist Company finally agreed to buy two thousand copies of the album and made an order for them in writing in which it gave particular directions as to the arrangement of the album. A view of the city was taken by Suppiger from the roof of the courthouse, which was at the request of the defendant in error, to be placed in the front of the album. The price to be paid was $375. The Albertype Company published the albums but did not comply in all respects with the directions given by the defendant in error, but they were received by the Gust Feist Company, who refused to pay for them, claiming that it had been greatly damaged by the failure of the Albertype Company to comply with the directions in the arrangement of the album. The controversy resulted in a suit in the County Court of Galveston County by the Albertype Company against the Gust Feist Company, in which judgment was rendered in favor of the plaintiff for $375. By the contract between Suppiger and the defendant in error the Albertype Company agreed not to sell any of the said souvenir albums in the city of Galveston for one year. Within less time than a year the Albertype Company sold to another dealer in Galveston a souvenir album of the city containing the same sketches and views but with a different arrangement. In the County Court the Gust Feist Company made a motion for a rehearing, and, among other things, for the first time presented the question that the contract was void under the anti-trust law of 1903. The County Court overruled the motion for a rehearing and appeal was taken to the Court of Civil Appeals of the First District, which reversed the judgment of the County Court and dismissed the case because the contract sued upon was in violation of sections 3 and 4 of the anti-trust laws of 1903.

Application for writ of error was made to this court upon the ground that the construction placed upon the anti-trust laws of 1903, if sustained, would render the statute unconstitutional because in violation of section 19 of article 1 of the State Constitution.

The transaction under consideration was commerce between a citizen of New York and a citizen of Texas, whereby the former agreed to manufacture the albums in New York and to deliver them at Galveston, Texas, therefore it was interstate commerce, which was not subject to the anti-trust laws of this State. Art. 1, sec. 8, clause 4, Const. of U. S.; Cooper Mfg. Co. v. Ferguson, 113 U. S., 727; Asher v. Texas, 128 U. S., 129.

It is to be presumed that the Legislature of Texas intended to exercise its authority to make laws within the scope of its power under the Constitution of this State and of the United States, and that it was not the purpose of that body to embrace contracts of this class in the terms of the anti-trust laws. We are of the opinion that there is evidence of that purpose in this language found in the title of the act: "An act to define, prohibit and declare illegal trusts, monopolies and conspiracies in restraint of trade, and to prescribe penalties for forming or being connected with such trusts, monopolies and conspiracies and to provide for the suppression of the same and to promote free competition in the State of Texas:" The declared purpose of the law does not reach subjects beyond the power of the State to regulate.

The Court of Civil Appeals erred in holding that the contract in suit is prohibited by the anti-trust law of 1903.

Gust Feist pleaded in reconvention and setoff the profits that he could have made if the contract between him and the Albertype Company had been complied with, which profits he alleged he lost by the breach of the contract. The profits claimed were purely speculative and depended upon future uncertain conditions which could not be foreseen. The evidence introduced furnished no data from which the loss could be determined; it was the opinion of Feist without the statement of a substantial fact upon which to base the opinion. The County Court did not err in refusing to allow the claim for damages.

The construction placed by the Court of Civil Appeals upon the anti-trust Act of 1903 put that law in conflict with article 1, section 8, clause 4, of the Constitution of the United States, therefore, the validity of that law is involved in this case and this court has jurisdiction of the cause. The motion to dismiss is overruled.

It is ordered that the judgment of the Court of Civil Appeals be reversed and that the judgment of the County Court be affirmed.

*Reversed and judgment of County Court affirmed.*