Eclipse Paint & Manufacturing Company v. New Process Roof-
ing & Supply Company.

Decided May 1, 1909.

**1.—Interstate Commerce—Statute—Anti-Trust Law.**

The provisions of the statute of this State known as the anti-trust law
of 1903, apply only to contracts over which the State has control, and not to
interstate commerce or transactions affecting it.   Gen. Laws 1903, chap. 94,
p. 119.

**2.—Same—Contract—Sale of Goods—Account.**

Where the seller was a manufacturer and dealer in paints in Ohio, and
the purchaser was engaged in business in this State, and the latter gave the
former's agent in Texas, an order for paints which was forwarded to the seller
in Ohio and was there accepted by him and the paints shipped to the purchaser
in Texas, the transaction was interstate commerce; and the fact that the sale
was made under an agreement or contract of the kind denounced by the anti-trust
law of this State afforded no defense to an action on account for the goods.

**3.—Account—Evidence.**

Where the suit was on account for goods, and the defendant introduced in
evidence, without qualification, the amended original petition and the exhibits
attached thereto which showed that defendant ordered the goods in writing and
agreed to pay therefor the amount set out in the account, and that the goods were
delivered, this was sufficient, in the absence of any valid defense, to support
a judgment in favor of plaintiff for the amount of the account.

Appeal from the District Court of Dallas County.   Tried below before
Hon. Thos. F. Nash.

*Saner & Saner* and *Don Robinson*, for appellant.

*Etheridge & McCormick*, for appellee.—The contract in question
gave appellee the exclusive sale of the goods in the territory of Dallas,
Dallas County, Texas, for the period of one year, and as long there-
after as it should purchase from appellant a certain specified quantity
of paint annually, and same contravened the anti-trust laws of the
State of Texas.   Texas Brewing Co. v. Anderson, 40 S. W., 737; Pas-
teur Co. v. Burkey, 22 Texas Civ. App., 232; Vandeweghe v. American
Brewing Co., 61 S. W., 527; Troy Buggy Co. v. Fife & Miller, 74 S.
W., 956; Simmons & Co. v. Terry, 79 S. W., 1103; Norton v. Thomas,
91 S. W., 780.

BOOKHOUT, Associate Justice.—This suit was brought by W.
E. Smith and S. D. Wyse, residents of Cleveland, Ohio, doing business
at said place under the firm name of Eclipse Paint & Manufacturing
Company, as plaintiffs, against New Process Roofing. & Supply Com-
pany, a Texas corporation, as defendants, upon a sworn account. Upon
the trial the court rendered judgment for the defendants.   Plaintiffs'
motion for new trial having been overruled, they perfected an appeal.

The appellants, manufacturers of a certain kind of paint, at Cleve-
land, Ohio, sold and delivered to defendants a bill of paints so manu-
factured by them consisting of a certain number of barrels, half bar-
rels and gallon cans at a specified price per gallon, altogether aggre-

gating $1,957.05, upon which account there was a credit of $10, leaving due appellants $1,947.05, to recover which this suit was instituted. The defendants denied liability, and specially answered that the sale of said goods was made in violation of and in contravention of the law, known as the "Anti-trust Law of Texas," and therefore collection for the same could not be enforced under the statute. It was alleged that the goods were sold under and by virtue and in pursuance of a certain contract in writing entered into by and between the plaintiffs and defendants on the 6th day of November, 1906, whereby the plaintiffs, for and in consideration of the defendants placing their order for the goods, agreed and covenanted with the defendants to give them the exclusive sale of said goods so ordered in the territory of Dallas, in the county of Dallas, in the State of Texas, for a period of one year and as long thereafter as defendants should purchase not less of the plaintiffs' goods annually than the quantities specified in said order. It was further alleged that the goods, wares and merchandise referred to in the petition and in said written contract were paints of various grades and kinds, and that the subject matter of said contract was a commodity and merchandise, useful and beneficial to the public, and it was the intention and purpose of said parties to said contract, in the making of the same, to prevent competition in the sale and purchase of such commodities and merchandise within the city and county of Dallas, in the State of Texas, so that none could buy from plaintiffs except defendants, and said contract thus created a trust and monopoly and a conspiracy in restraint of trade in said merchandise and commodity, and that likewise the defendants, by the terms of said contract, attempting to bind themselves to buy such commodities, to wit, paints from the plaintiffs, and from no other person, for the period or periods of time designated in said contract. On the trial the plaintiffs introduced in evidence an itemized account of the paints showing the number of gallons sold defendants and the price per gallon, which account was duly verified under the statute. The defendants introduced in evidence a written contract signed by the plaintiffs and defendants, wherein it was agreed that in consideration of the order given for the paints and the prompt payment for the said goods by the said parties of the second part, "the said The Eclipse Paint & Manufacturing Company has agreed as follows: 1. To give the said parties of the second part the exclusive sale of said goods ordered in the above described order in the territory of Dallas, county of Dallas, State of Texas, for the period of one year, and as long thereafter as the said parties of the second part shall purchase from The Eclipse Paint & Manufacturing Company not less of the said goods annually than the quantities specified in the order described above."

Judgment was rendered for defendants, evidently on the ground that this contract was violative of the anti-trust law of 1903, and therefore no recovery could be had for the paints. The appellants assail this holding and contend that the court erred in not rendering judgment in their favor for the amount sued for. This contention must be sustained. The appellants were manufacturers and dealers in paints at Cleveland, Ohio, and the defendants were engaged in business at Dallas, in the State of Texas. The defendants gave to plaintiffs'

agent an order for the paints in Texas, which he forwarded to Cleveland, Ohio, and it was there accepted by plaintiffs and the goods shipped to defendants at Dallas, Texas. The transaction was commerce between citizens of Ohio and citizens of Texas, and was interstate commerce. It being interstate commerce, power to regulate the same is conferred on Congress by article 1, section 8, clause 3 of the Constitution of the United States. The Legislature of Texas, in enacting chapter 94, Laws of 1903, p. 119, known as the "Anti-trust Law of 1903," intended that it should apply only to contracts over which the State had control, and not to interstate commerce, power to regulate which had been conferred on Congress. (Albertype v. Gust Feist Co., 102 Texas, 219.)

But appellee insists that the trial court did not err in rendering judgment in its favor for the appellants adduced no legal evidence in support of the claim sued on. The account sued on was duly verified as provided by the statute and was introduced in evidence without objection. It was such an account as could be verified under the statute. But if this were not true, the appellees introduced in evidence, without qualification, the amended original petition of plaintiffs, and the exhibits attached thereto, by which it is shown that defendant ordered the goods in writing and agreed to pay therefor the amount as set out in the account sued on and that the goods were delivered. It follows that the trial court erred in not rendering judgment for appellants.

The judgment is reversed and judgment rendered for the appellants for the amount sued for.

*Reversed and rendered.*