## McCall Company v. J. J. Segal.

Decided March 24, 1910.

**1.—Appeal Bond—Surety.**

A surety on plaintiff's bond for costs may become surety on his appeal bond. He is not a party to the action.

**2.—Anti-Trust Law.**

An agreement by which one party undertakes not to sell any goods except those purchased from the other during the life of the contract, is not prohibited by the statute against unlawful combinations in trade.

**3.—Contract—Termination—Settlement.**

By a contract in which through a term of years defendant was to purchase, at prices fixed, certain patterns and publications from plaintiffs who were to carry for defendant a "standing credit" of $200 which upon the termination of the contract might be discharged by return of patterns purchased, unopened, and in good saleable condition, defendant, if entitled to terminate the contract before its expiration, did not have the right to settle its indebtedness by such return of patterns purchased except to the extent of such "standing credit."

**4.—Contract—Settlement—Waiver.**

The issue of waiver by plaintiff of the right to recover for goods sold and delivered by accepting return of the goods from defendant, was improperly submitted in the absence of evidence that they were received or accepted by plaintiff.

**5.—Waiver—Pleading.**

Waiver of the terms of a contract must be pleaded by the party asserting it.

Appeal from the District Court of Marion County. Tried below before Hon. P. A. Turner.

*J. H. Benefield* and *W. T. Armistead,* for appellants.

*R. R. Taylor,* for appellee.—A contract that the party purchasing will not sell any other goods but those purchased from the other during the life of the contract is in restraint of trade and in violation of the anti-trust laws of the State of Texas. Sayles' Civ. Stats., art. 5313; Wiggins v. Bisso, 92 Texas, 219; Read v. Smith, 60 Texas, 379; Rev. Stats., art. 358, 1294; White Dental Mfg. Co. v. Hertzberg, 92 Texas, 528.

LEVY, Associate Justice.—The appellant sued for debt for pat-

terns and publications sold and delivered to appellee under a written contract, and for damages stipulated for breach of the contract. The contract was to remain in force for three years, and provided "if either of us shall intentionally break this contract or shall refuse or fail promptly to perform the same after two weeks' notice in writing given by the other, then the other of us shall have the right to exercise the option of being released from all future obligations under it, and to receive as liquidated damages, and not as a penalty, a sum equal to the agreed charge for fashion sheets during the entire term of this contract." The contract also provided "when this contract is closed as herein provided, patterns unopened and not defaced and in good saleable condition purchased of you under this contract order may be returned at prices stated above in payment for said standing credit." By the terms of the contract the sum of $200 was to be carried from the date of the contract by appellant for appellee as a sum due in the first instance on stock shipment by appellant to appellee, and is the "standing credit" agreed to by the parties. Appellant was also to ship each month to appellee new monthly patterns at prices specified, payable on the 5th day of the month succeeding shipment. Claiming that the appellant had repeatedly failed and refused to ship, after notice, the "new monthly patterns," as provided in the contract, the appellee elected to exercise the option of renouncing the contract; and undertook, as payment for the amount previously due by him to appellant, to ship back all the patterns he had on hand. In accordance with the verdict of a jury judgment was entered for appellee.

*After stating the case.*—A motion to dismiss the appeal was made because the surety on the bond for cost of appellant was surety on the appeal bond. A surety on a bond for cost merely is not incompetent as a surety on an appeal bond, because such surety does not become a party to the action. Sampson v. Solinsky, 75 Texas, 663, 13 S. W., 67. The appeal bond therefore not being void on the ground asserted, this court acquired jurisdiction of the case.

The appellee suggests as fundamental error that the contract is obnoxious to the antitrust laws of the State. We do not think the record authorizes us to so declare.

The appellant challenges the judgment in favor of appellee as unauthorized by the pleading and evidence. It must be held, we think, from the record, that the assignment should be sustained. The appellee by his pleading admits the contract, and that he was indebted to the appellant, and claims that he exercised his option to renounce the contract because the appellant failed to comply with certain terms of the contract, and that he discharged his liability for the indebtedness due by returning to appellant all unsold patterns on hand, as was provided by the contract, and therefore owed appellant nothing. The evidence shows that appellee delivered to the railroad at Jefferson, consigned to appellant, patterns of the value of the amount of indebtedness due; but there is no proof that the goods were ever delivered to or received by appellant, neither is there proof that the freight charges were ever prepaid. There is no proof

that appellant ever accepted the goods as payment for the account. The only clause of the contract that provides for return of goods sold and delivered to appellee reads, "When this contract is closed as herein provided patterns unopened and not defaced and in good saleable condition purchased of you under this contract order may be returned at prices stated above, in payment for said standing credit." The "said standing credit" referred to in the contract is therein expressed as the $200 payable and due in the first instance on stock shipment. There is no provision that the account for patterns sold and delivered each month, and payable on the 5th day of each month succeeding date of shipment, could be returned and would be received in payment of previous unpaid accounts. The contract provided it could be closed by expiration of the agreed time, or by two weeks' notice when either of the parties failed or refused to promptly comply therewith. This annulment clause expressly relieved the parties "from all future obligations under it." Appellee does not sue for future obligations. Appellee therefore has failed to show that he was entitled to be relieved from payment of the account, except the standing credit of $200, by terms of contract on returning the patterns previously sold to him. Appellee rests his defense entirely in contract, and not independent of contract. It is suggested that to make a waiver of the terms of a contract available it must be plead. Dolinski v. First Natl. Bank of Pittsburg, 122 S. W., 276.

The judgment was ordered reversed and the cause remanded for another trial.

*Reversed and remanded.*