McCALL CO. v. J. D. STIFF DRY GOODS CO. et al.

(Court of Civil Appeals of Texas. Dallas. Dec. 16, 1911. Rehearing Denied Jan. 13, 1912.)

COMMERCE (§ 40*)—INTERSTATE COMMERCE— ANTI-TRUST LAWS.

A contract for the sale of goods by a citizen of New York to a citizen of Texas, the goods to be delivered in New York to be transported to Texas by common carrier, constituted interstate commerce, and was therefore not within the anti-trust laws of Texas, and was not invalid because it contained a provision attempting to fix the price at which the goods should be resold by the buyer.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 29; Dec. Dig. § 40.*]

Appeal from District Court, Collin County; J. M. Pearson, Judge.

Action by the McCall Company against the J. D. Stiff Dry Goods Company and others. Judgment for defendants, and plaintiff appeals. Reversed.

J. M. Muse and L. J. Truett, for appellant.

BOOKHOUT, J. This suit was instituted in the district court of Collin county by appellant, the McCall Company, of New York, as plaintiff, against the appellees, the J. D. Stiff Dry Goods Company and others of McKinney, Tex., as defendants, to recover the purchase price of certain goods sold by plaintiff to defendant, J. D. Stiff Dry Goods Company, in accordance with the terms of a contract made between plaintiff and the J. D. Stiff Dry Goods Company, and to recover liquidated damages for the breach of said contract, the contract being set out in full as an exhibit to plaintiff's original petition. Defendants answered by plea in abatement, general and special demurrers, general denial, etc. The court overruled the plea in abatement, but sustained the general demurrer, and also special demurrer No. 9 of said answer, and overruled all other special demurrers. Plaintiff declined to amend, and said cause was dismissed, to which action of the court plaintiff duly excepted, and perfected its appeal to this court. The appellant alone has filed briefs in this court.

The first assignment of error complains that the court erred in sustaining defendants' special demurrer No. 9 directed against plaintiff's original petition, which demurrer is as follows: "(9) Said contract is void, unenforceable, and in violation of the laws of Texas because: (a) It is an agreement to fix and maintain the price of merchandise in Texas; (b) it tends to create and carry out restrictions in trade and commerce and the free pursuit of the business of said J. D. Stiff Dry Goods Company; (c) said contract prevents and lessens competition in the sale of merchandise; (d) said contract fixes and maintains a standard and figure whereby the prices of articles and commodities are to be affected, controlled, and established; (e) said contract attempts to and does control the sale and disposition and exhibition of said property after it becomes a part of the common mass of property of this state in the manner set out in the preceding exception and other ways, and while it is under the cognizance and jurisdiction of the laws of Texas and after it ceases to be articles of interstate commerce."

The allegations of plaintiff's petition, in so far as may be necessary to this appeal, are in substance as follows: That plaintiff, the McCall Company, is a corporation having its principal office and place of business, residence, and domicile in the city of New York, state of New York. That defendants reside at McKinney, Collin county, Tex. That plaintiff is engaged in publishing, manufacturing and selling patterns, fashion sheets, fashion books, magazines, etc., said articles being published and manufactured in the city of New York, in the state of New York, and sold by means of traveling salesmen. That plaintiff has no office or place of business in the state of Texas, and does not transact or solicit any business in Texas except that which is done by means of traveling salesmen under the interstate commerce laws of the United States. That on the 24th day of November, 1908, plaintiff and the defendant entered into a contract in writing, a copy of the contract being attached to the petition and made part thereof, by which contract the defendant, J. D. Stiff Dry Goods Company ordered and agreed to purchase from plaintiff certain goods, wares and merchandise on the terms and conditions set out in said contract. That said contract provided that plaintiff should deliver to the railroad at New York City a stock of McCall patterns at the uniform price of 7½ cents for each pattern (excepting those retailing for 10 cents, the price of which is 5 cents each) amounting to $400 net, including the February issue, $200 payable 30 days after the day of shipment, the balance $200 to remain on hand as a standing credit during said contract upon which interest was to be paid at 4 per cent. on the 1st of January and 1st of July, and further provided that plaintiff should ship to said J. D. Stiff Dry Goods Company not exceeding an average of $15 and $20 per month of plaintiff's selection of new monthly patterns at same prices as above commencing with March issue, also fashion sheets and other publications in quantities and at prices specified during the

term of said contract commencing with the February issue as follows: (Then follows a list of fashion sheets, etc., ordered, together with prices, etc.). That said contract further provided that the pattern stock then on hand was to be returned to the McCall Company, and that $50 of same at net prices was to pay off the $50 standing credit on previous contract. That said contract further provided that said J. D. Stiff Dry Goods Company would re-order at the prices named once each week or oftener all patterns sold, thus keeping patterns on hand as above specified; that all goods ordered for delivery after the first stock were to be paid for on or before the 5th day of the month succeeding the date of shipment, and if not then paid the same was subject to sight draft, all prices quoted being net; that said J. D. Stiff Dry Goods Company would not transfer the said stock of McCall patterns from McKinney, Tex., without plaintiff's written consent, and would pay all transportation charges to and from plaintiff's New York office. That said contract further provided that, if either party to the same should intentionally break the contract or refuse or fail promptly to perform the same after two weeks' notice in writing given by the other, then the other should have the right to exercise the option of being released from all future obligations under said contract, and to recover and receive as liquidated damages and not as a penalty a sum equal to the agreed charge of fashion sheets during the entire term of said contract; that failure to require compliance with the strict letter of said contract-order should not forfeit nor prejudice any right thereunder nor constitute a waiver thereof; that said contract should remain in force from date and for five years after first shipment of patterns and thereafter until the expiration of three months' notice given by either party in writing subsequent to the expiration of such five years; that said contract-order was accepted subject to the approval of plaintiff's home office. That plaintiff accepted and approved said contract-order on, to wit, December 3, 1908, and thereafter in pursuance of said contract and in accordance with its terms plaintiff shipped to said J. D. Stiff Dry Goods Company goods, wares and merchandise, patterns and publications, the terms of which and the prices of which are set out in the account. That there is due on said account for goods, wares, and merchandise so shipped to said J. D. Stiff Dry Goods Company under said contract a balance of $487.31. That there is due plaintiff by said J. D. Stiff Dry Goods Company on previous contract between said parties the sum of $50 for stock received on such previous contract, which $50 was assumed by said J. D. Stiff Dry Goods Company in the contract sued upon and denominated the "Standing Credit" in said previous contract under plaintiff's system of bookkeeping.

That the first shipment made under said contract was made by plaintiff on, to wit, December 22, 1908, from which date said contract was to remain in force for a period of five years and three months during which period plaintiff was to ship to said J. D. Stiff Dry Goods Company 10,000 fashion sheets for each year from the date of said first shipment and 3,500 sheets during the last three months of said contract term. That the number of fashion sheets which was to be shipped during said contract term was 52,-500, and the price of same was $7 per thousand. That the said J. D. Stiff Dry Goods Company agreed in said contract to pay to plaintiff as liquidated damages, and not as a penalty in the event of a breach of said contract by said J. D. Stiff Dry Goods Company, a sum equal to the agreed charge for fashion sheets during the entire term of said contract, which damages aggregate the sum of $374.50. Plaintiff further charges that said J. D. Stiff Dry Goods Company has wholly failed and refused to perform said contract, and has intentionally violated and breached said contract; that they failed and refused to pay to plaintiff the sum of $200 which was payable under said contract 30 days after date of shipment; they have failed and refused to re-order at the prices named in said contract once each week or oftener the patterns sold as provided in said contract; they have failed and refused to pay for the goods ordered for delivery after the first stock on or before the 5th day of the month succeeding date of shipment, and failed and refused to pay the sight drafts drawn by plaintiff as provided in said contract, and have failed and refused to carry out and perform said contract for the period of five years and three months from the date of the first shipment of goods as provided in said contract; they have failed to pay for any part of the goods received upon said contract, and have failed and refused to pay any part of the "Standing Credit" acknowledged and assumed in said contract, or any part of the "Standing Credit" under the previous contract; that thereby the defendant, the J. D. Stiff Dry Goods Company, became liable to plaintiff and due to pay them the sum of $911.81 under said contract, and for which plaintiff asks judgment.

Plaintiff further alleges, in substance, that on or about the —— day of January, 1909, the said J. D. Stiff Dry Goods Company sold and delivered to the defendant the Duncan-McDowell Dry Goods Company all the stock of goods and property of the said J. D. Stiff Dry Goods Company at an agreed price of 60 per cent. of the whole sale cost of said goods, which price plaintiff charges was wholly inadequate, and plaintiff further charges that said stock of goods and property at the time of said sale were reasonably worth 100 per cent. of wholesale cost; that said alleged transfer was not made in good faith, and that the intention of said alleged

transfer was to defraud plaintiff and other creditors of said J. D. Stiff Dry Goods Company; that each and all the defendants converted and appropriated to their own use the property and assets of the said J. D. Stiff Dry Goods Company including the goods, wares and merchandise shipped by plaintiff to said J. D. Stiff Dry Goods Company. Plaintiff prayed for judgment that said alleged transfer of said stock of goods and property be declared null and void, and for judgment against each and all the defendants for the sum of $911.81, for costs, and for general and special relief.

The contract set out as an exhibit to said petition is as follows:

"City or town McKinney, state Texas, date Nov. 24th, 1908. The McCall Company, New York, N. Y.: "Please deliver to R. R. at New York City addressed to us a stock of McCall patterns," (then follows descriptive list of goods purchased together with prices, etc.). "We will re-order at the prices above named once each week or oftener all patterns sold thus keeping patterns on hand as above specified. The patterns are not to be sold for other than catalogue retail prices, and the stock of patterns is to be kept and offered for sale on the first (main) floor. We will send you an inventory of our stock of patterns on hand at your request, not exceeding twice each year. All goods ordered for delivery after the first stock are to be paid for on or before the 5th day of the month succeeding the date of shipment; if not then paid, subject to sight draft. All prices quoted are net. We will not sell any other patterns than the McCall patterns received from you during the term of this contract order. We will not transfer the stock of McCall patterns from McKinney, Texas, without your consent, and will pay all transportation charges to and from your New York office." (Then follow the stipulations of the contract with regard to the return of discarded patterns.) "If either of us shall intentionally break this contract or shall refuse or fail promptly to perform the same after two weeks' notice in writing given by the other, then the other of us shall have the right to exercise the option of being released from all future obligations under it, and to recover as liquidated damages and not as a penalty a sum equal to the agreed charge for fashion sheets during the entire term of this contract. Failure to require compliance with the strict letter of this contract order shall not forfeit or prejudice any right thereunder, nor constitute a waiver thereof. This contract is to remain in force from date, and for five years after shipment of patterns, and thereafter until the expiration of three months' notice given by either party in writing subsequent to the expiration of such five years. All terms are in printed or written

form. Signed in duplicate after being read. Date Nov. 24, 1908. Purchaser's name (signed) J. D. Stiff D. G. Co." (Then follows a guarantee against loss in patterns.) "The above contract-order is accepted subject to the approval of the home office. The McCall Company (Incorporated). By (signed) C. M. Cruikshank. Date Nov. 24, 1908. Approved and accepted, New York, N. Y., Dec. 3, 1908. The McCall Company, By (signed) Jas. H. Ottley, Pres't." (Then follow other terms and conditions of said contract not deemed necessary to this statement.)

The petition seeks to recover on a contract between McCall Company, a citizen of New York for goods sold by said company to J D. Stiff Dry Goods Company, a citizen of Texas, to be delivered to the railroad in the city of New York addressed to said J. D. Stiff Dry Goods Company. The contract-order for the goods under which the sale was made consists of a written order signed by J. D. Stiff Dry Goods Company, and was accepted by the McCall Company, a corporation, by C. M. Cruikshank, Nov. 24, 1908, subject to approval of the home office. The order was afterwards accepted and approved in New York on December 3, 1908, by the McCall Company by its president. Such transaction constituted commerce between a citizen of Texas and a citizen of New York state, and was interstate commerce and not subject to the anti-trust laws of Texas. Such was the holding of the Supreme Court in the case of Albertype Co. v. Feist & Co., 102 Tex. 219, 114 S. W. 791. Such was also the holding of this court in Eclipse Paint & Mfg. Co. v. New Process Roofing Co., 55 Tex. Civ. App. 553, 120 S. W. 532. See, also, McCall Co. v. Segal, 126 S. W. 913; Malakoff Gin Co. v. Riddlesperger, 133 S. W. 519; Moroney Hardware Co. v. Goodwin Pottery Co., 120 S. W. 1088; Wheatley v. Kollaer, 133 S. W. 903; Edwards County v. Jennings, 89 Tex. 618, 35 S. W. 1053.

It follows from these remarks that the court erred in sustaining the special demurrer to the petition and thereafter the general demurrer and dismissing the petition.

The judgment is reversed and the cause remanded.