W. T. RAWLEIGH MEDICAL CO. v. FITZPATRICK et al. (No. 5579.)*

(Court of Civil Appeals of Texas. Austin. Feb. 16, 1916. Rehearing Denied March 22, 1916.)

1. MONOPOLIES &#8596;17(2) — CONTRACT IN RESTRAINT OF TRADE—STATUTE.

A contract, whereby defendant agreed to buy only from a medical company, and that the goods so purchased should be resold by him at definite prices, fixed by the medical company, and that he should have no other business or employment, was violative of Rev. St. 1911, arts. 7796, 7798, the Texas Anti-Trust Act, as in restraint of trade, and illegal and void under article 7799.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 13; Dec. Dig. &#8596;17(2).]

2. COMMERCE &#8596;40(1) — STATE ANTI-TRUST ACT — MERCHANDISE IN INTERSTATE COMMERCE.

Where defendant, a resident of Texas, agreed with an Illinois medical company that it should sell him goods at wholesale prices, to be shipped to him in Texas, he further agreeing to buy only from the company, to resell at prices fixed by it, and to have no other business, such contract, violative of the Texas Anti-Trust Act (Rev. St. 1911, arts. 7796, 7798), was not enforceable as touching merchandise in interstate commerce, because the recited agreements relative to the sale at fixed prices, etc., operative after title to the goods passed to defendant upon their arrival in Texas, rendered the whole contract illegal and void.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 29, 30; Dec. Dig. &#8596;40(1).]

Error from District Court, Coleman County; John W. Goodwin, Judge.

Suit by the W. T. Rawleigh Medical Company against R. P. Fitzpatrick and others. To review a judgment for defendants, plaintiff brings error. Affirmed.

Snodgrass, Dibrell & Snodgrass, of Coleman, for plaintiff in error. Critz & Woodward, of Coleman, for defendants in error.

RICE, J. This suit was brought by the W. T. Rawleigh Medical Company, a private corporation of Freeport, Ill., plaintiff in error, against R. P. Fitzpatrick, J. E. Seymour, and C. L. Grable, defendants in error, to recover $676.26, a balance claimed to be due it by the former for merchandise sold by it to him, payment of which was guaranteed by said Seymour and Grable. It was alleged by plaintiff in error that on the 23d of November, 1909, it entered into a written contract with said R. P. Fitzpatrick, the performance of which was guaranteed by said Seymour and Grable, whereby, in consideration that plaintiff in error would sell to him on credit, at wholesale prices, to be sold by him at retail, certain merchandise therein mentioned, to be shipped to him from Freeport, Ill., to Loraine, Tex., he bound himself to pay for said merchandise at certain stipulated times, and, among other things, agreed to sell no other goods than those sold him by said company, and to sell all such goods at regular retail prices to be indicated by

said company, and to have no other business or employment; which contract was subject to acceptance by plaintiff in error at its home office, and to continue in force only so long as his said account and the amount of his purchases were satisfactory to said company. Defendants in error, among other things, interposed a general demurrer to plaintiff's petition, on the ground that said contract above set out, upon which the suit is based, is violative of the anti-trust statutes of this state, which demurrer was sustained, and, plaintiff refusing to amend, the suit was dismissed, from which judgment this writ of error is sued out.

Plaintiff in error contends that the action of the court in sustaining said demurrer was incorrect and ought not to be upheld, for the reason that it appeared from the petition that the sale and purchase of the goods in question was a transaction involving interstate commerce and therefore did not come within the purview of the anti-trust statutes of this state. So, the questions presented for our consideration are: (1) Whether or not the contract set out, and under which the goods were purchased, is in violation of our anti-trust laws; and (2) if so, can such statutes be urged as a defense to the payment of the account, since the same was based upon and grew out of an interstate commerce transaction?

[1] We think there can be no doubt but that said contract was in violation of articles 7796 and 7798 of the Revised Statutes of 1911, and, if so, was illegal and void, as declared by article 7799 of said statutes, because defendant Fitzpatrick thereby bound himself to buy from no one but plaintiff in error, and that said goods so purchased should be resold by him at definite prices, fixed by plaintiff in error, and further agreed to have no other business or employment. These provisions of said contract were in restraint of trade and rendered the contract illegal and void. Wood v. Texas Ice & Cold Storage Co., 171 S. W. 497; F. R. Watkins Medical Co. v. Johnson, 162 S. W. 394. And see, also, Armstrong v. Rawleigh Medical Co., 178 S. W. 583, where a contract for the sale of goods almost exactly similar to the one under consideration was held to be in violation of our anti-trust statutes. See, also, Fuqua v. Pabst Brewing Co., 90 Tex. 298, 38 S. W. 29, 750, 35 L. R. A. 241; T. & P. Coal Co. v. Lawson, 89 Tex. 394, 32 S. W. 871, 34 S. W. 919; Texas Brewing Co. v. Templeman, 90 Tex. 277, 38 S. W. 27.

[2] But it is further contended on the part of plaintiff in error that, notwithstanding said contract may be violative of the anti-trust statutes, yet said statutes constitute no defense here, because the transaction involves interstate commerce, and cite in support of this contention, among others, the following cases: Albertype Co. v. Feist, 102 Tex. 219, 114 S. W. 791; McCall v. Stiff Dry Goods Co., 142 S. W. 659; Stein Double Cushion Tire Co. v. Fulton Co., 159 S. W. 1014; Eclipse Paint Mfg. Co. v. New Process Roofing Co., 55 Tex. Civ. App. 553, 120 S. W. 532; Maroney Hardware Co. v. Goodwin Pottery Co., 120 S. W. 1088; Miller v. Goodman, 91 Tex. 41, 40 S. W. 718.

The majority of the above cases have been ably reviewed and distinguished by Mr. Justice Taliaferro in Watkins Medical Co. v. Johnson, supra, from the case of Fuqua v. Pabst Brewing Co., supra, and shown not to be in conflict therewith. In the latter case, notwithstanding the fact that it was a suit to recover for beer sold by a Wisconsin brewer to a Texas dealer, and came within the protection of the commerce clause of the federal Constitution, yet the court held that the contract under which it was to be sold, being in contravention of our anti-trust laws, would prevent the enforcement of the claim sued upon, saying, among other things:

"It is clear then, that when any shipment of beer was delivered under the contract by the company to Kingsbury at Amarillo, the title thereby vesting in him, as we have seen above, the same ceased to be an article of interstate commerce, and, in so far as the contract dealt with it thereafter, it was not a contract with reference to an article of interstate commerce, and the clause of the Constitution above quoted does not prevent said statute from invalidating same. The case then comes to this: The parties contracted for the sale and purchase of beer to be transported from Milwaukee to Amarillo, to be there delivered to Kingsbury and become his property. So far the transaction was interstate commerce and not subject to state regulation without the consent of Congress, nor did the statute undertake in any way to regulate or prohibit same. But the parties by the same contract voluntarily went further, and so dealt with the subject, after it had ceased to be an article of interstate commerce, as to create a 'trust,' as above shown, in violation of the statute. A portion of the stipulations of the contract being lawful and others unlawful, the taint of illegality affects and destroys the whole. Edwards County v. Jennings, 89 Tex. 618, 35 S. W. 1053. The commerce clause of the Constitution was not designed to protect the contractual rights of a person who thus voluntarily intermingles an otherwise legal interstate commerce transaction with an entirely local and unlawful one. We are therefore of the opinion that, independent of congressional action, the contract sued upon was void."

The same doctrine was reannounced and followed in Watkins Medical Co. v. Johnson, supra, and in which a writ of error was denied October ——, 1915, by our Supreme Court (170 S. W. xviii), and is therefore the latest expression of that tribunal upon the subject. See, also, Armstrong v. Rawleigh Medical Co., supra.

We think the facts of the present case bring it clearly within the doctrine announced in the three last cases just mentioned, and must control, notwithstanding the contrary views expressed in McCall v. Stiff Dry Goods Co., supra; for which reason we hold that the demurrer was properly sustained.

While it is true that that portion of the

contract providing for the sale and shipment of the merchandise constituted interstate commerce, and therefore could not have been affected by the anti-trust statutes of this state, yet, by reason of the fact that under the agreement the title to the goods passed to Fitzpatrick upon their arrival in Texas, it must be held that the laws of this state thereafter control his connection therewith; and, if the provisions of said contract above recited were in contravention of our statutes upon the subject, then the whole contract was thereby rendered illegal and void, and no recovery could be predicated thereon, because, if a portion of the contract is illegal and void, the whole must fall. See Burck v. Abbott, 22 Tex. Civ. App. 219, 54 S. W. 314, where it is said:

"That a part of the consideration for the contract was lawful can make no difference. The part of the consideration which is illegal taints the whole, and the courts will not expend their time in the inquiry as to what part of it was lawful. Nor does it vary the rule that appellants who invoke the doctrine are equally guilty, and can thus by their unlawful acts obtain an unconscionable advantage. The policy of the law is to discountenance the making of such contract, and it is thought that this can be done in no more effective way than by refusal to enforce them, and this is done without regard to the effect it may have upon the parties to the prohibited transaction."

In Wegner v. Biering, 65 Tex. 509, 510, the court says:

"It is obvious that when there is ample valid consideration to support the promise sued on, yet, if to the abundance of valid consideration there has been added a leaven of what is illegal, the whole contract is tainted. Story on Cont. § 583; Bishop on Cont. § 471; Pollock on Cont. 318."

In McNeese v. Carver, 89 S. W. 432, the court says:

"If any part of a consideration is illegal, the whole consideration is void, because public policy will not permit a party to enforce a promise which he has obtained by an illegal act or an illegal promise, although he may have connected with this act or promise another which is legal."

Believing that the court did not err in sustaining the demurrer its judgment is in all things affirmed.

Affirmed.