SZANTO v. FIRST STATE BANK OF MT. CALM. (No. 2130.)

(Court of Civil Appeals of Texas. Texarkana. April 17, 1919. On Rehearing, May 22, 1919.)

On Rehearing.

1. GARNISHMENT ⟨⟩87 — AFFIDAVIT — SURPLUSAGE.

Where all the statutory requirements of an affidavit for garnishment have been met, that affidavit contains other allegations is immaterial.

2. GARNISHMENT ⟨⟩62 — COMMUNITY PROPERTY.

Community funds in name of wife may be impounded by garnishment in aid of judgment against husband.

3. GARNISHMENT ⟨⟩89—BOND—JUDGMENT.

Garnishment proceedings may be maintained after judgment obtained, without giving bond.

Appeal from District Court, McLennan County; H. M. Richey, Special Judge.

Action between John Szanto and the First State Bank of Mt. Calm. From a judgment for the latter, the former appeals. Reversed and remanded.

Spivey, Bartlett & Carter, of Marlin, and Scott & Ross, of Waco, for appellant.

Williams & Williams, of Waco, for appellee.

LEVY, J. The case was tried before the court without a jury, and a judgment was entered against the appellant on July 24, 1917, containing a notice of appeal therefrom. The appeal bond was filed August 14, 1917. The term of court was authorized by law to continue more than eight weeks. After the notice of appeal was given a motion for new trial was filed. This motion for new trial was never acted on by the court, and therefore must be considered as overruled by operation of law upon the adjournment of the court for the term, which was on August 11, 1917. In view of the record, this court is without jurisdiction to entertain the appeal, because the appeal bond was not filed in the time required by law According to the statute, the time for filing the bond in this case commenced when the notice of appeal was given. Rev. St. 1911, art. 2084; Railway Co. v. Elliston, 128 S. W. 675; Eclipse Paint & Mfg. Co. v. Roofing & Supply Co., 55 Tex. Civ. App. 553, 120 S. W. 532.

Appeal dismissed.

On Rehearing.

The record in the above appeal has been corrected since the ruling of this court dismissing the appeal. It is now made to appear that this court had jurisdiction to determine the appeal, and therefore the former order of dismissal is set aside.

[1-3] The appeal is from the judgment of the trial court quashing the affidavit and writ of garnishment and dismissing the proceedings. It appears that the appellant had an unsatisfied judgment for debt against H. E. Barrett, and he made and filed an affidavit for garnishment, which reads, omitting the description of the judgment, as follows:

"That the said H. E. Barrett, defendant, has not within the knowledge of the affiant, property in his (H. E. Barrett's) possession within this state subject to execution sufficient to satisfy said judgment; that affiant has reason to believe and does believe that the First State Bank of Mt. Calm, a corporation, whose place of business is in Hill county, Texas, of which B. H. Oates is the president and R. J. Moore is the cashier, both of whom reside in Hill county, and that the First National Bank of Mt. Calm, a corporation, whose place of business is in Hill county, Texas, of which B. H. Oates is the president, and Burl Hillyer is the cashier, both of whom reside in Hill county, are severally indebted to the defendant, H. E. Barrett, and that they severally have in their hands effects belonging to the said H. E. Barrett; and that affiant has reason to believe and does believe that said two banks are severally indebted to

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

one Mrs. Mattie K. Barrett, the wife of said H. E. Barrett, or severally have in their hands effects belonging to the said Mattie K. Barrett, which effects and funds affiant believes, and so charges, are the community property of the said H. E. Barrett and wife. Affiant further states that the writs of garnishment now applied for are not sued out to injure either the defendant, or the said First State Bank of Mt. Calm, or the said First National Bank of Mt. Calm, garnishees, or the said Mattie K. Barrett, or any of them. Affiant prays for writs of garnishment against the said First State Bank of Mt. Calm and the First National Bank of Mt. Calm, mentioned and described above."

It is believed that the grounds for quashing the writ should have been overruled. All the statutory requirements of an affidavit for garnishment being met, it is immaterial that other allegations are made. Cawthon v. Bank, 193 S. W. 783. And the community property could be impounded, no matter in whose name it stood. Bank v. Rogers, 170 S. W. 258. It was not necessary to give bond after the alleged judgment was obtained.

The judgment is reversed, and the cause remanded for trial.