**W. T. RAWLEIGH CO. v. MARSHALL et al.**
**(No. 6172.)**

(Court of Civil Appeals of Texas. Austin.
March 10, 1920. Rehearing Denied
April 14, 1920.)

**1. Commerce ⬩40(1)—Contract of sale by
corporation in another state to one in Texas
held interstate.**

Where a contract between a manufacturer
of medicines provided for sale of its products
at its place of business in Illinois to one in
Texas, the contract was interstate, and the
manufacturer was not required to obtain a
license as foreign corporation to do business in
Texas.

**2. Monopolies ⬩23 — That purchaser treated
contract as containing provisions violating
monopoly statutes will not prevent recovery,
where not obnoxious thereto.**

Though purchaser of medicines from a for-
eign corporation construed a new contract, pre-
pared to take the place of an earlier contract
found to be in violation of the Texas statutes
against monopolies, as containing the same pro-
visions as the first, recovery by the foreign cor-
poration will not be denied, where the new con-
tract was not obnoxious to the monopoly stat-
utes, and the corporation was in no wise to
blame for the purchaser's construction.

Appeal from District Court, Hamilton
County; J. H. Arnold, Judge.

Action by the W. T. Rawleigh Company
against J. F. Marshall and others. From a
judgment for defendants, plaintiff appeals.
Reversed and remanded.

H. E. Chesley, of Hamilton, for appellant.
A. R. Eidson, of Hamilton, for appellees.

### Findings of Fact.

JENKINS, J. In 1912 and 1913, the ap-
pellee J. F. Marshall entered into a contract
with appellant for the sale of medicines and
other articles manufactured by appellant,
which contract was in violation of the anti-
trust laws of this state in these particulars:
It required Marshall to devote his entire time
to the business, to sell the goods at the prices
fixed by appellant, and he was to have exclu-
sive control of certain territory. In 1914, con-
tracts of this nature having been held by the
courts of this state to be void, the appellant
entered into a new contract with appellee Mar-
shall, and entered into renewal contracts with
him for the years 1915 and 1916. Appellees
Mitchell and Brannon were sureties on the
contract of 1916.

This suit was brought by appellant to re-
cover for a balance due it for products fur-
nished under the contract of 1915 and 1916.
Appellees defended on the ground that ap-
pellant was a foreign corporation, and had
no permit to do business in Texas, and that
the contract sued upon was void as being
against the anti-trust laws of Texas.

Appellant is a foreign corporation, doing
business in Freeport, Ill. The contract sued
upon provided for the sale of its products
to Marshall f. o. b. at said point. The goods
were so sold and delivered, and appellant
had no control over them after such delivery.

The court filed findings of fact and con-
clusions of law. It found as a fact that the
objectionable features, existing in the con-
tract of 1912 and 1913, had been eliminated
in the contract herein sued upon. It further
found that appellee Marshall in fact pursued
the same business methods in the sale of
goods purchased from appellant that he pur-
sued under the former contract, and that
he was under the impression that he was
required so to do by appellant.

### Opinion.

[1] The court found as a conclusion of law
that appellant was carrying on its business
in Hamilton county, Tex., through the agency
of Marshall, and that for the reason that ap-
pellee Marshall thought that he was bound
by the contract to pursue the same business
methods as provided in the contract of 1912
and 1913, therefore the contract was il-
legal, and appellant could not recover herein.
The contract provided for the delivery of the
goods f. o. b. at Freeport, as stated in the
findings of fact herein, for which reason this
was an interstate transaction. Amer. Mfg. Co.
v. Skidmore, 170 S. W. 128. Such being the
case, appellant was not required to obtain a
permit to do business in Texas, and the evi-
dence does not show that it did transact busi-
ness in Texas.

[2] The court's conclusions of law, upon
which it rendered judgment for the appellees,
are not sustained by its findings of fact. The
fact that Marshall may have construed the
contract to require him to conduct the busi-
ness in the same manner that he was re-
quired to conduct the same under the illegal
contract of 1912 and 1913 could not affect
appellant; such construction being erroneous,
and it not appearing that appellant induced
Marshall to place this erroneous construction
upon the contract, or that it had any knowl-
edge that he had done so.

For the reasons stated, the judgment of
the trial court is reversed, and this cause
is remanded for a new trial.

Reversed and remanded.

BRADY, J. I concur in the decision and
in the above opinion, but, in view of the
probability of another trial, I think it proper
to express the view that this case seems to
fall within the rule announced in Albertype
Co. v. Feist Co., 102 Tex. 219, 114 S. W. 791.
If the transactions constituted interstate com-
merce, the Texas anti-trust statute, as con-
strued by our Supreme Court in the case

⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

just cited, would have no application. To hold otherwise would put our statute in conflict with the commerce clause of the federal Constitution.