THE GRANITE ROOFING COMPANY (A CORPORATION) v. RICHARD CASLER AND HENRY W. COOLEY.

*Contract—Sale—Passing of title.*

Defendants were given the exclusive right to sell a certain patent roofing manufactured by plaintiff in certain territory, and ordered a car-load of the roofing, and plaintiff's agent made the following indorsement on the agreement he had given defendants as to handling the roofing, namely: "Sold Casler & Co. [being defendants' firm name] one car-load of roofing, to be paid for as sold; settlement to be made monthly of all sold." And it is held that the language is capable of but *one* construction, and that the transaction was a sale upon credit, and that the title passed absolutely to the defendants.

Error to St. Clair. (Canfield, J.) Argued June 26, 1890. Decided October 10, 1890.

*Assumpsit.* Plaintiff brings error. Reversed, and judgment entered here for $487.50, with interest. The facts are stated in the opinion.

*George P. Voorheis,* for appellant.

*E. W. Harris,* for defendants.

GRANT, J. Plaintiff is a manufacturer of a patent roofing in Pittsburgh, Penn. Defendants were contractors doing business in Port Huron, in 1886. Negotiations were entered into between them relative to the handling and sale of this roofing by the defendants, and resulted in the following written memorandum:

"PORT HURON, MICH., May 19, 1886.

" This is to certify that I have given Casler & Co., of Port Huron, Mich., the full control to handle our patent granite roofing for the county of St. Clair, State of Michigan; also, Croswell, Michigan; Lexington, Michigan; Imlay City, Michigan; Capac, Michigan.

"GRANITE ROOFING Co.,
"Per E. D. Hartford."

On the same day the following memorandum was made on the same paper as the above:

"Sold Casler & Co. one car-load of roofing, to be paid for as sold; settlement to be made monthly of all sold."

On May 20, 1886, defendants wrote the following letter to the plaintiff:

"PORT HURON, MICH., May 20, 1886.
"GRANITE ROOFING Co.,
"Pittsburgh, Penn.

" *Gentlemen:* Your favor of the 18th received and noted. Yesterday, the 19th, a gentleman representing himself as your agent,—he gave his name as E. D. Hartford,—he settled with us for $12.50, and receipted your bill. We hope that it is all right. We gave him an order for a car-load of granite roofing. It is to be No. 1 roofing, on felt, not with beeleek backing,—that we don't want; but the felt roofing is all right,—that is, if it is as good as the sample that we have got.

"Yours truly,
"CASLER & Co."

The car-load was shipped and received by the defendants, they paying the freight, which was to be credited

on the price of the roofing. They stored it in a shed built for that purpose on the mill premises occupied by them. The agreed price for the car-load was $562.50. Defendants sold some, and made payments therefor on July 12 and October 15.

April 1, 1887, Casler & Co. dissolved partnership, Casler retiring from the firm, and selling his interest to Robert Campbell. The same business at the same place was carried on by the new firm under the name of Cooley & Campbell. In the sale to Campbell the roofing on hand was not inventoried or taken into account, but was left in the shed in the possession and control of the new firm. Cooley & Campbell made one sale, amounting to $14.50, which they paid to plaintiff's agent. July 12, 1887, the mill was destroyed by fire, and the roofing remaining on hand was very much damaged, and in part rendered worthless. Plaintiff brought suit against the defendants to recover the balance of the purchase price of the roofing. The court found as a conclusion of law that there was no absolute sale, and that the title did not pass to defendants, except as to such portions as they sold, and then only at the time of such sales, and rendered judgment in favor of defendants.

The sole question in the case is whether defendants acted as the agents for the plaintiff, or whether the transaction was an absolute sale. All the prior conversations and negotiations were merged in the written contract. This contract is clear and specific. By it the defendants were given exclusive right to sell the goods in the territory mentioned. They were not made the agents. They then purchased the goods in controversy, and the conditions of the sale were written on this agreement. The language is susceptible of but one construction. It was a sale upon credit; the time of payment was fixed at the end of each month after defendants had made sales. Post-

ponement of payment has no tendency to prove agency. The language cannot fairly be construed into an agency. The title had clearly passed. Plaintiff could not even after demand replevy the property. It retained no interest in it, nor any right to control it.

Judgment must be reversed, and, the facts being conceded, judgment entered here for the amount unpaid, which is conceded to be $487.50, with interest.

The other Justices concurred.