### DR. KOCH VEGETABLE TEA CO. v. MALONE et al.

(Court of Civil Appeals of Texas. Dallas. Feb. 7, 1914.)

1. COMMERCE (§ 46*)—PARTNERSHIP (§ 20*)—SALES (§ 7*) — FOREIGN CORPORATIONS — RIGHT TO SUE.

Plaintiff, a foreign corporation, and defendant entered into a contract providing for the sale and delivery to defendant f. o. b. Winona, Minn., of certain goods at specified prices, and for the resale thereof by defendant in a specified county in Texas. Defendant was to make reports to plaintiff, and make payment in cash with each report of one-half of the cash received by him, not exceeding the amount due for goods previously purchased. At the termination of the contract, if not renewed, goods on hand were to be shipped back, and defendant given credit therefor, and all indebtedness was to be paid. The contract was signed by defendant in Texas, and sent to plaintiff in Minnesota. *Held*, that the transaction was not a partnership, nor a contract of agency, but a sale in Minnesota of goods subsequently shipped into Texas, and therefore constituted interstate commerce, and hence the statutes of Texas, requiring foreign corporations to procure a permit to do business in this state, and depriving them of the right to sue if they fail to do so, did not apply to an action for the balance due for goods.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 100, 113, 126; Dec. Dig. § 46;* Partnership, Cent. Dig. §§ 6, 7; Dec. Dig. § 20; * Sales, Cent. Dig. §§ 16, 17; Dec. Dig. § 7.*]

2. COMMERCE (§ 57*)—INTERSTATE COMMERCE—APPLICATION OF STATE LAWS.

The anti-trust laws of the state do not apply to transactions involving interstate commerce.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 72–76, 88, 90, 92–102; Dec. Dig. § 57.*]

3. EVIDENCE (§ 445*)—PAROL EVIDENCE TO VARY WRITING.

Where the contract sued on was plain and unambiguous, and was not attacked for fraud, accident, or mistake, statements by either party after its execution, not amounting to a new contract, were inadmissible to contradict, vary, or impeach its terms.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2052–2065; Dec. Dig. § 445.*]

Appeal from Wood County Court; R. E. Bozeman, Judge.

Action by the Dr. Koch Vegetable Tea Company against W. B. Malone and others. From a judgment dismissing the suit, plaintiff appeals. Reversed and remanded.

Howell & Nabors, of Winnsboro, for appellant. D. M. Maynor, of Quitman, and M. D. Carlock, of Winnsboro, for appellees.

TALBOT, J. The statement of the nature and result of the suit made by appellant is accepted by appellees as correct, and is as follows: "The appellant, Dr. Koch Vegetable Tea Company, instituted this suit in the county court of Wood county, Tex., as plaintiff, against the appellees, W. B. Malone, Sam Paschal, and S. S. Moore, as defendants, to recover the sum of $410.72, with interest and costs of suit, alleged to be due appellant by appellee W. B. Malone, as principal, by virtue of the sale and delivery to him of certain goods, wares, and merchandise, under the terms of their contract set up in its petition, upon which contract the other appellees were alleged to be guarantors for the payment of said indebtedness. Appellee W. B. Malone, though present as a witness, made default in the suit, and the appellees Moore and Paschal answered by general demurrer, general denial, specially pleading in abatement that appellant is a foreign corporation without a permit to do business in this state; that the contract was in restraint of trade under our anti-trust law, in that it gave exclusive territory; that the contract had been materially changed without the consent of the guarantors; and that the indebtedness had been paid. Upon a trial of the case by the court without a jury a judgment was entered dismissing appellant's suit, with costs in favor of appellees. Appellant in due time filed its motion for a new trial, which was by the court overruled. Thereupon appellant perfected its appeal to this court.

[1] The first assignment of error is, in substance, that, it appearing from the evidence that appellant shipped the merchandise and articles of commerce for which appellees are indebted to appellant under and by virtue of a specific contract of sale and delivery thereof in the state of Minnesota, for shipment into the state of Texas to the principal, W. B. Malone, as shown by said contract in writing as introduced in evidence, the same constituted interstate commerce, and the court, therefore, erred in finding that a permit for appellant to do business in Texas was essential to its right to maintain this suit, and in rendering judgment against it. The material, and practically undisputed, facts shown by the evidence are that appellant and appellee W. B. Malone executed a contract in writing, providing in terms for the sale and delivery by appellant to said appellee f. o. b. at Winona, Minn., in such reasonable quantities as the appellee should desire from time to time, certain medicines, flavorings, spices,

and other articles manufactured or sold by it, said contract setting forth the price per dozen of a long list of articles, specifying the sizes of the bottle, as $1 size and 50 cent size. The contract then provides for resale of the goods in Franklin county, Tex., or in such territory as both parties may agree on. The contract was to terminate March 1, 1911. W. B. Malone was to keep records of the business and make reports to appellant. With each report of sales sent in, payment in cash was to be made of one-half "of the cash received," not exceeding the amount then due for goods previously purchased. If the contract was not renewed, the goods on hand at its expiration were to be shipped back prepaid under certain conditions, and W. B. Malone allowed a credit at the invoice price to him on any indebtedness or any account he might owe or have with appellant. It also provides that upon the termination of the contract all indebtedness shall be paid. It specifies for 60 days' notice by either party to terminate the contract before March 1, 1911. It then acknowledges an indebtedness of $353.35 due appellant, being a balance due on a previous agreement, similar in its terms to the said contract, which was to terminate March 1, 1911, for goods sold to him. The appellees S. S. Moore and Sam Paschal executed a guaranty of payment, jointly and severally, of all amounts due or to become due under said contract.

Carl Gerlacher, witness for appellant, testified that he was secretary and treasurer of appellant company, and had charge of making contracts such as this. He says the above contract was received by mail by him, and on behalf of appellant, was accepted, executed, and notice given by registered letter thereof to appellees. The previous agreement referred to in the above contract under which the $353.35 indebtedness accrued was a contract between the appellant and appellee Malone, with substantially the same provisions, made the year before, and of which the above and subsequent contract was a renewal; it being the first contract between the parties. The remainder of the amount sued for was shown by invoices introduced in evidence for goods purchased under the last-mentioned contract.

W. B. Malone testified that the $353.35 was for goods furnished under first contract, and the remainder for goods furnished under last contract; that he was to devote his entire time to the business; that he traveled in a wagon owned by him, and retailed the goods to customers.

Carl Gerlacher testified on cross-examination that the appellant is incorporated under the laws of Minnesota, and has no permit to do business in Texas, and pays no occupation tax here, that Malone was never appointed agent of appellant to sell its goods in the state of Texas, and that all goods were sold to him at Winona, Minn.

We are of opinion the assignment must be sustained. The allegations of appellant's petition and the evidence, as it appears in the transcript sent to this court, show that the goods for the price of which this suit was brought were sold under a contract in writing, the provisions of which are plain and unambiguous, and its execution is not denied, nor assailed for fraud, accident, or mistake. It is a contract by a citizen of one state, as appears by its terms, for the sale and delivery of articles of commerce in that state to be shipped into another state to a citizen of the latter state. In other words, the petition seeks to recover the price of the goods set out in the itemized account attached thereto, under a contract between Dr. Koch Vegetable Tea Company, a citizen of Minnesota, and W. B. Malone, a citizen of Texas, by the terms of which the goods were sold to the latter, to be delivered to him on board the cars at Winona in said state of Minnesota. This contract, it seems, was signed by appellee Malone in Texas, and sent to appellant in Minnesota subject to its approval and acceptance. Upon its receipt by appellant it was approved and signed by it, and the goods delivered according to its terms. The transaction or sale of the goods was consummated in the state of Minnesota, and the goods shipped from that state into this state. That such a transaction constituted commerce between a citizen of Texas and a citizen of Minnesota is affirmed by several decisions of the appellate courts of this state. McCall v. J. D. Stiff Dry Goods Co. et al., 142 S. W. 659; Albertype Co. v. Feist & Co., 102 Tex. 219, 114 S. W. 791; Eclipse Paint & Mfg. Co. v. New Process Roofing Co., 55 Tex. Civ. App. 553, 120 S. W. 532; Erwin v. E. I. Du Pont De Nemours Powder Co., 156 S. W. 1097.

The facts in the instant case, in so far as they bear upon the question of whether or not the transaction between appellant and appellee Malone involved interstate commerce, are so similar to the facts in the first case cited that the cases cannot be distinguished. The trial court's finding that the contract and transactions between appellant and W. B. Malone "constituted a partnership to transact and solicit business in Texas" is not authorized and sustained, we believe, by the evidence. The evidence shows, as we construe it, a contract between appellant and Malone which they could legally make under the federal laws, a contract and transaction which involved interstate commerce, and to which the statutes of this state, requiring foreign corporations to procure a permit to do business here, and depriving it of the privilege of maintaining a suit in any of the courts of this state if it fails to do so, do not apply. The provitions of the contract with reference to the amount, method, and time of payment for the goods sold to Malone, the return of such goods as have not been sold at its expiration, and the naming of the territory in which Malone

should sell, do not affect the passing of the title of the goods and the vesting of it in Malone. The stipulations as to time and manner of payment are plain and specific. The goods appear to have been sold on a credit, and the provisions requiring reports of sales to be made at stated times, and the payment of a certain amount at those times, based upon the amount of cash received by Malone for sales made, evidence an effort and precaution on appellant's part to make such collections as would prevent Malone from becoming too greatly in its debt, and are consistent with the theory that such was the purpose of such provisions. All negotiations prior to the written contract were merged in it. By the terms of the contract Malone purchased the goods, and the conditions of the sale were clearly and specifically written therein. The contract cannot fairly be construed, in the light of the pleadings and evidence now before us, as one constituting Malone appellant's agent to sell its goods in Texas. On the contrary, it clearly appears that the title to the goods delivered to him passed to and vested in him upon delivery to the railway company in the state of Minnesota. Roofing Co. v. Casler, 82 Mich. 466, 46 N. W. 728; State v. Betz, 207 Mo. 589, 106 S. W. 64.

[2] The transaction being one involving interstate commerce, the same was not subject to the anti-trust laws of Texas. Albertype Co. v. Feist Co., supra; Eclipse Paint & Mfg. Co. v. New Process Roofing Co., supra; McCall v. Stiff Dry Goods Co., supra. See, also, Moroney Hardware Co. v. Goodwin Pottery Co., 120 S. W. 1088.

[3] We are further of the opinion that the court erred, under the pleadings in this case, in admitting, over the objections of the appellant, the testimony complained of in its third assignment of error. The written contract in this case is not attacked, as heretofore stated, on account of fraud, accident, or mistake. It is plain and unambiguous, and statements made by either party to it, after its execution, not amounting to or forming a new contract with respect to its subject-matter, are inadmissible to contradict, vary, or impeach its terms.

The judgment of the court below is reversed, and the cause remanded.