McCONNON & CO. v. POWELL et al.
(No. 2608.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 23, 1923. Rehearing Denied March 8, 1923.)

Monopolies ⬅️17(1)—Contract to sell products of manufacturer in restricted territory for stipulated portion of selling price held agency contract, and not violative of Anti-Trust Act.

A contract with a manufacturer for the handling and sale of its products in a restricted territory and for a stipulated portion of the selling price, and with agreement to return all unsold products at any time and to terminate the agreement, is a sales or agency contract and not violative of the Anti-Trust Act.

Appeal from Smith County Court; D. R. Pendleton, Judge.

Suit by McConnon & Co. against C. P. Powell and others. From a judgment for defendants, plaintiff appeals. Reversed, and judgment for plaintiff.

The appellant, a private corporation manufacturing certain products, made an agreement with C. P. Powell pertaining to the handling and sale of its products in the assigned territory of the south half of Smith county alone. C. P. Powell was required to have executed by two responsible persons a written guaranty of payment of any indebtedness incurred by him to appellant. Mr. Huddle and Mr. Hill, the appellees, signed the guaranty, and the appellant brought the

suit against them to recover upon their written guaranty. C. P. Powell was also sued, as principal debtor; but he was dismissed from the suit before trial, for lack of service upon him. The defense is that the contract made between C. P. Powell and the appellant was illegal and unenforceable because it was a sales agreement which violates the Anti-Trust Law of the state. The case was submitted to a jury on special issues, and upon the findings of the jury the court entered a judgment in favor of the defendants in the suit. It is contended on appeal that the court should have entered judgment on the jury findings and the undisputed evidence in favor of the plaintiff in the suit.

It was admitted that the appellant and C. P. Powell made an agreement pertaining to the handling and sale of the products or output of appellant. The terms of the agreement were, as found by the jury, that C. P. Powell should sell the manufactured products of appellant in the given territory of the south half of Smith county, and he was to have the exclusive right to sell and was to confine his sales of such products to that given territory alone; C. P. Powell was to devote his whole time to the sale of and was to sell exclusively the products of appellant, and was to make weekly reports to the appellant of his sales, and was to make not less than three trips over the given territory each year. C. P. Powell testified that—

"It was understood that I was to remit to them (appellant) one-half of the amounts that I sold the goods for, as soon as they were collected; and I was to keep the other one-half. * * * The goods when received had the prices printed on them, just like they are shown in the book. I sold them at these prices."

It was further shown from the written evidence that the appellant consented, under the contract, that C. P. Powell could at any time "give up the work," and "that he may return the goods to us (appellant) and receive credit for them at the same prices they were furnished him." It is unnecessary to set out the evidence at length. The appellees admitted the execution of the guaranty sued on. It was also proven conclusively that C. P. Powell owed appellants the sum of $959.16 for products sold by him, but that $349.15 of that amount was incurred by appellant before the execution of the guaranty and for which amount the guarantors are not liable.

Bulloch, Ramey & Storey, of Tyler, for appellant.

Castle & Smith, of Tyler, for appellees.

LEVY, J. (after stating the facts as above). The question as to whether or not a given contract falls within the prohibition of the Anti-Trust Act of this state depends largely on the circumstances of each case. In the instant case there was no agreement to artificially enhance prices and suppress competition, nor to place any restriction in the free pursuit of a business authorized or prescribed by the laws of this state. The agreement here, as established by the jury findings and the undisputed evidence, in legal effect, an agency contract. The contract by its terms is not in any sense, we think, a contract for the naked sale of goods to C. P. Powell with a restriction upon the sale by C. P. Powell of the same thereafter. A sales or agency contract, as here, is not violative of the Anti-Trust Act of this state.

There is distinguishment between the instant case and the cases of Newby v. W. T. Rawleigh Co. (Tex. Civ. App.) 194 S. W. 1173, and Whisenant v. Shores-Mueller Co. (Tex. Civ. App.) 194 S. W. 1175. In the Newby Case the acts of the parties constituted a combination to restrain the further pursuit of the business of selling the products, because the products, as determined by the court, "had become the property of Newby." The Whisenant Case is similar to the Newby Case. In each of these two cases the court concluded the fact to be that the agreement was a naked sale of the products, and not a mere agency agreement. In the instant case it is clear that C. P. Powell was to do personal service in the selling of the products of appellant, and was to get one-half of the selling price of the products as his pay, and he could "give up the work" and return all unsold products at any time. These facts all negative an absolute unconditional sale of the products to C. P. Powell.

The judgment is reversed, and we conclude that judgment should be here rendered on the findings of the jury and the undisputed evidence in favor of the appellant for the sum of $610.01, interest, and all costs of suit, and it is accordingly so ordered.