## McCONNON & CO. v. RALSTON et al.
### (No. 3098.)

(Court of Civil Appeals of Texas. Texarkana.
June 18, 1925. Rehearing Denied
June 25, 1925.)

**1. Monopolies �köm17(2)—Finding contract violative of anti-trust law held warranted.**

Evidence that, under contract for purchase and sale of products, buyer was to sell products so purchased only in a limited territory at retail prices listed to him, and that seller was not to sell similar products to any other person in that territory, *held* to warrant finding that contract would eliminate competition, and hence was violative of anti-trust statutes (Rev. St. art. 7796 et seq.).

**2. Monopolies �। 17(2)—Intention of agency agreement negatived by outright sale of products.**

If agreement for purchase and sale of products is a naked sale outright of products, any intention of mere agency agreement is thereby negatived.

**3. Monopolies ⊃17(2)—Exclusive territory for selling by agent at fixed prices not violative of anti-trust law.**

Where there is a mere agency to sell goods, giving of exclusive territory for selling at prices fixed by principal is not in violation of anti-trust statutes (Rev. St. art. 7796 et seq.).

Appeal from Hunt County Court; Ollin P. McWhirter, Judge.

Action by McConnon & Co. against R. Q. Ralston and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Bulloch, Ramey & Story, of Tyler, for appellant.

Allen, Sellers & Beasley, of Sulphur Springs, and Clark & Clark, of Greenville, for appellees.

LEVY, J. R. Q. Ralston was sued as principal debtor, and the other appellees as guarantors of the payment, in the sum of $915.80 on account of the shipment and delivery of certain goods by virtue of an agreement between the parties. The defendants opposed recovery on the ground that the transaction was in contravention of the anti-trust statutes (Rev. St. art. 7796 et seq.). The trial court decided that the defense should prevail, being sustained by the evidence.

---

[1] The question presented is: Do the facts establish a sales or agency contract, not violative of the anti-trust act? It is believed that the question depends largely upon the circumstances of the case, and therefore became one fact, to be decided by the trial court. We cannot say as a pure matter of law, in view of the evidence, that the court erred. The evidence warrants the conclusion of the trial court, as we must assume, in support of the judgment, that Ralston agreed, expressly or impliedly, to do two things in order to get the goods or products. One was to pay the purchase price, and the other to sell the products so purchased only in an allotted territory at retail prices listed to him. Further, the company was not to sell similar products to any other person in that territory while Ralston occupied it.

The effect of such findings, as the trial court was authorized to say, was to eliminate competition in a given territory in the sale of goods sold outright to a dealer. In such finding there results a violation of the anti-trust statute. Whisenant v. Shores-Mueller Co. (Tex. Civ. App.) 194 S. W. 1175; W. T. Rawleigh Medical Co. v. Fitzpatrick (Tex. Civ. App.) 184 S. W. 549. The evidence, considered as a whole, does not show that the agreement was a mere sales or agency contract. While it is true Ralston was privileged to cancel "the agreement" and "to return the goods, and received credit for them at the same prices which were paid for them," yet in the further facts, the products being sold outright to him, he was privileged to have that method of paying for them, not as an agent or employee, but as "an independent merchant." As affirmatively shown by the letter of appellant to appellee Ralston:

"You are undertaking the sale of our line for yourself, not for us. In other words, you are not our employee or agent. You are a dealer, very much like a grocer or general storekeeper We sell our goods at certain prices, and the goods we ship to you belong to you, and not to us. You make on the goods the difference between the price you pay us and the price at which you sell them. In other words, we do not share in the profits on your goods. When you have paid us the price at which we bill the goods, that is all we ask you—all we are entitled to. Likewise we do not share any losses with you."

Further:

"We sell our goods only through our regular dealers. We, of course, ask him not to encroach upon the territory of other dealers, just as we ask other dealers not to encroach upon his territory. We assign each dealer to a certain territory, usually about one county, dependent on size and population. * * * After the dealer has worked up the business in a territory, this territory in a measure belongs to him, and the 'good will' of the territory is often valuable, and sells from $500 up,

dependent on the income it is producing. The good will belongs to the dealer."

[2, 3] If the agreement was a naked sale outright of the products, then is negatived any intention of a mere agency agreement. The facts distinguished the case from McConnon & Co. v Powell (Tex. Civ. App.) 248 S. W. 428. The evidence there authorized the conclusion, and the case turned upon that point, that Powell was merely to do personal service for the company in the selling of its products for it in that locality, receiving one-half of the selling price of the products as his pay. He was merely a sales agent. Each case depends upon the special circumstances of the case; and where the given case shows a mere agency to sell goods, the giving of exclusive territory for selling at the prices fixed by the principal is not a violation of the anti-trust law. Brenard Mfg. Co. v. Crowley Mercantile Co. (Tex. Civ. App.) 260 S. W. 246; Falls Rubber Co. v. La Fon (Tex. Com. App.) 256 S. W. 577.

We have considered all the assignments of error, and find no reversible error. The judgment is therefore affirmed.