PICTORIAL REVIEW CO. v. PATE BROS.
(No. 8326.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 5, 1916.)

1. JUDGMENT ⟨Key⟩250—CONFORMITY TO PLEADINGS.

Where plaintiff sued on an express contract, no recovery on the quantum meruit can be had.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 436; Dec. Dig. ⟨Key⟩250.]

2. MONOPOLIES ⟨Key⟩17(2), 21 — WHAT CONSTITUTE—CONTRACTS IN RESTRAINT OF TRADE—"TRUST."

Defendants entered into a contract to purchase patterns and fashion books from plaintiff, agreeing not to sell them at less than catalogue prices, and not to deal in any other such publications. Vernon's Sayles' Ann. Civ. St. 1914, art. 7796, subds. 1, 2, 4, and 5, define a "trust" as a combination of capital, skill, or acts by two or more persons, firms, or corporations to create, or which may tend to create, restrictions in trade or commerce, to fix, maintain, increase, or reduce the price of merchandise, to fix or maintain a standard price, or to make, enter into, maintain, execute, or carry out any contract binding persons to sell or to refrain from selling any goods. Held, that the contract fell within such article, and so was unenforceable as creating a monopoly in restraint of trade.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. §§ 13, 15; Dec. Dig. ⟨Key⟩17(2), 21.

For other definitions, see Words and Phrases, First and Second Series, Trust.]

3. DISMISSAL AND NONSUIT ⟨Key⟩75—FORM OF JUDGMENT.

Where the contract on which action was based was illegal, judgment should be for defendants on the merits rather than one of dismissal.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 169; Dec. Dig. ⟨Key⟩75.]

4. APPEAL AND ERROR ⟨Key⟩878(1)—REVIEW—NECESSITY OF APPEAL.

Errors in the judgment prejudicial to defendants who did not appeal will not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3573, 3574; Dec. Dig. ⟨Key⟩878(1).]

Appeal from Erath County Court; A. P. Young, Judge.

Action by the Pictorial Review Company against J. J. Pate and B. B. Pate, doing business as Pate Brothers, begun in justice's court and appealed by plaintiff to county court. From a judgment there dismissing the action, plaintiff appeals. Affirmed.

W. W. Moores, of Stephenville, for appellant. J. T. Daniel, of Stephenville, for appellees.

BUCK, J. Appellant, plaintiff below, filed in the justice court of Erath county a verified account against defendants, amounting to $106.15, and covering items for patterns, postage, etc. In the justice court the cause was dismissed upon the ground that the contract relied on was prohibited by article 5313, Revised Statutes 1895, and especially subdivisions Nos. 3 and 5 of said article now incorporated in article 7796, Vernon's Sayles' Texas Civil Statutes, said article being a part of what is known as the "Anti-Trust Law." Upon appeal to the county court, judgment was likewise entered, sustaining defendants' demurrers to plaintiff's petition and dismissing the action at the cost of plaintiff. The action of the court upon defendants' demurrers was not taken until the evidence had been heard; the judgment reciting as follows:

"Thereupon, came on to be heard and considered the special exceptions of the defendants, Pate Bros., a firm composed of J. J. Pate and B. B. Pate, to the petition of the plaintiff, the Pictorial Review Company, a corporation duly incorporated under the laws of the state of New York, and, said demurrers being presented to the court and duly considered, the court announced that it would hear the evidence in the suit and then pass on the demurrers. Thereupon plaintiff introduced proof of its claim, and the defendants declined to introduce any proof, and demurred to the pleading, as above stated, and defendants did not introduce evidence on the merits of this cause. The court being of the opinion that the contract introduced in evidence, and under which the goods, wares, and merchandise were sold to defendants, is void and against public policy, against the anti-trust laws of the state of Texas, and constitutes a monopoly and conspiracy in restraint of trade, it is therefore the judgment and order of this court that said demurrers be sustained and suit be, and the same is hereby, dismissed at the cost of said plaintiff and the surety on its cost bond, to wit, the United States Fidelity & Guaranty Company, a corporation duly incorporated. * * * Plaintiff in open court excepted to the ruling of the court."

Plaintiff excepted to the action of the court in overruling its motion for new trial and gave notice of appeal to this court.

The contract introduced by plaintiff, and upon which it relies to sustain its cause of action, is as follows:

"No. 30. City or town, Stephenville; State, Texas; Date, Mar. 16, 1912.

"The Pictorial Review Company, 222, 224, 226 W. 39th St., New York: Please send us a stock of Pictorial Review patterns, each including a patented Cutting and Construction Guide

---

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

at fifty per cent. of the retail prices amount to one hundred 00/100 dollars ($100.00) net. Payable as follows: $15.00 on receipt of patterns; and $15.00 in thirty days and $20.00 in 60 days from date of receipt of pattern and the balance ($50.00) is to remain as a standing credit during the term of this order agreement upon which interest is to be paid by us at the rate of five per cent. per annum semiannually—January and July 1st of each year.

"Also send us each month an assortment of new patterns averaging about $5.00, commencing with next issue. Also 3,600 Monthly Fashion Books per annum and other publications in quantities, and at prices specified on the reverse side hereof during the term of this agreement commencing with current issue.

"We will reorder at the prices above named, once each week, or oftener, all patterns sold, thus keeping patterns on hand as above specified. The patterns are not to be sold for other than catalogue retail prices, and the stock of patterns is to be kept and offered for sale on the first (main) floor. We will send you an inventory of stock of patterns on hand at your request, not exceeding twice each year.

"All goods ordered for delivery after the first stock are to be paid for before the 15th day of the month succeeding date of shipment. All prices quoted are net.

"We will not sell any other patterns than the Pictorial Review patterns received from you during the term of this order agreement.

"We will not transfer the stock of Pictorial Review patterns from No. —— street without your written consent and will pay all transportation charges to and from your New York office.

"Discarded Patterns. (Copy.)

"(We are to be allowed to return to your New York office for credit on exchange account, at full price charged, semiannually in February and August of each year, discarded patterns procured under this order agreement and all subsequent reorders and special orders for patterns are to apply against this exchange credit until same is exhausted. This exchange credit is not to be applied in payment for patterns purchased prior to the time the discarded patterns are returned, nor for other goods than patterns.)

"This agreement is to remain in force from date, and for one year after first shipment of patterns and from term to term of the same period thereafter until either party gives the other written notice within thirty days after the expiration of any such term of their desire to terminate this agreement. Then at the end of three months thereafter the business having continued in full operation during that time, we may return to you at your office in New York patterns in good condition which you will accept at full net cost in payment for the balance of the stock mentioned.

"All terms are in printed or written form.

"Signed in duplicate after being read.

"Merchant's name: Pate Bros.

"Date, Mar. 16, 1912.

"The above order agreement is accepted subject to the approval of the home office.

"The Pictorial Review Company.

[Incorporated under the Laws of the State of New York.]

"Date Mar. 22, 1912.

"Approved and accepted, New York, N. Y., Mar. 22, 1912.

"The Pictorial Review Company,

"By M. J. Israel.

"D. S. 267—1000. 1—23—12.

"M. L. D.

"2—28—12.

"Monthly Fashion Books: Each month.

"January 200; July 200; 3 copies of Pictorial Review Magazine at 11c each; February 200; August 300; 5 copies of Pictorial Review

Quarterly Fashion Book at 13½c each; March 400; September 400; April 400; October 400; 1 copy of Pictorial Review Counter Catalogue at 15c each; May 300; November 300; June 200; December 300; 1 copy of Pictorial Review Embroidery Catalogue at 7½c each.

"1 section of pattern tills 70 hole at $5.00 each.

"— section of pattern tills 35 hole at $3.00 each.

"1 counter catalogue cover at 50c each.

"1 metal Fashion Sheet holder at 75c each.

"1 out door metal sign (loaned).

"1 glass sign (loaned).

"1 reorder pads (loaned).

"1 subscription blanks for P. R. Magazine (free).

"Prices of Monthly Fashion Books: 500 per month, $4.00; 1000 per month, $7.50. Advertisement printed when 6,000 or more Monthly Fashion Books per year are ordered.

"Change of advertisement twice each year (including the first advertisement) without charge. If other changes are desired, $2.50 is to be charged for composition and plate on each change."

Plaintiff, in its several assignments, alleges error in the action of the court in dismissing the suit because, as claimed:

"(1) Said contract does not evidence a combination of capital, skill, or acts of plaintiff with defendants, the same not showing a union or association of capital, skill, or acts of plaintiff with defendants. (2) If said restrictions were in restraint of trade, the restrictions were only such as would afford a fair protection to plaintiff, and were only in partial restraint of trade, and not such restraint of trade as is violative of the anti-trust laws of the state of Texas. (3) The said contract was made and the goods sold in the state of New York, and the restrictions in said contract were to sell Pictorial Review patterns at catalogue prices, and to buy no other than Pictorial Review patterns during the continuance of this agreement, and to place said patterns upon the ground floor of defendants' place of business in selling said patterns; said contract was not violative of the anti-trust laws because said restrictions on account of which the court held the contract violative of the anti-trust laws of Texas were void and not enforceable because they were obligatory alone upon defendants, and were void for want of mutuality, and therefore not violative of the anti-trust laws of Texas. (4) Because the court erred in holding that part of said contract which set out the sale of goods by plaintiff to defendants and at agreed prices to be paid therefor, was not severable from the restrictions set out in the second assignment of error, which rendered the entire contract void as violative of the anti-trust laws of the state of Texas."

The proposition under this assignment (the fourth) being:

"The test whether a demand connected with an illegal act can be enforced is whether plaintiff required any aid from the illegal demand to establish his case."

[1] The contract between plaintiff and defendants was introduced by plaintiff, the defendants having introduced no evidence, and therefore was evidently relied on by plaintiff to sustain its cause of action. Hence, if the contract itself was violative of the anti-trust laws of this state, the suit could not be enforced. Plaintiff did not sue, either in whole or in the alternative, on a claim of quantum meruit, but evidently bottomed his case on the contract set out in the state-

ment of facts and referred to in the judgment of both the justice and the county court.

[2] We think the contract is violative of the anti-trust laws of the state of Texas, especially sections 1, 2, 4, and 5, of article 7796, Vernon's Sayles' Texas Civil Statutes. This question was fully discussed in the case of Armstrong et al. v. Rawleigh Medical Co., 178 S. W. 582, and we do not feel that any good purpose would be subserved by a lengthy discussion herein, but content ourselves with a quotation from that opinion as follows:

"It was held in that case (Texas Brewing Co. v. Templeton, 90 Tex. 277, 38 S. W. 27) that no question of interstate commerce was involved, and hence the court did not discuss the effect that such phase would have upon the contract. But in the case of Fuqua v. Brewing Co., 90 Tex. 298, 35 S. W. 29; 750, 35 L. R. A. 241, this latter contingency is discussed. In the last-cited case, the court held that an agreement between the brewing company and a dealer in this state, whereby the company bound itself not to sell any beer of its manufacture to any other party in the city of the dealer's residence or its vicinity, and that the dealer would not sell any beer not manufactured by the company, was a combination of capital and acts, the tendency and purpose of which was to 'create and carry out restrictions in trade' and 'to prevent competition in sale or purchase of commodities,' which created a trust as is prohibited by the act of 1889 to which reference is made above, and, further, that the beer being manufactured in another state, such transaction, so far as it provided for the sale and purchase of beer to be transported from Wisconsin to Texas, and there delivered to the dealer, was interstate commerce, and not subject to state regulations without the consent of Congress, nor was the regulation prohibited by the statute; but, so far as the contract so dealt with the subject after it had ceased to be an article of interstate commerce as to create a trust as above shown, it was in violation of the statute, and, a portion of the contract being void, the taint of illegality affected and destroyed the whole."

[3, 4] Being of the opinion that the contract upon which plaintiff bases its right of recovery is in violation of article 7796, supra, we do not believe that plaintiff presented in the trial court a cause of action upon which it was entitled to judgment. We think the trial court would have been justified, instead of dismissing the cause of action, in entering judgment for defendants; but inasmuch as appellant has made no complaint upon this point, nor has appellee by cross-assignment presented any objection to the form of judgment rendered, we have concluded to affirm the judgment rendered by the trial court, and it is so ordered.

Affirmed.