## W. T. RAWLEIGH MEDICAL CO. v. GUNN et al. (No. 573.)

(Court of Civil Appeals of Texas. El Paso. May 11, 1916.)

MONOPOLIES ⬥⟲17(2)—RIGHT TO RECOVER ON CONTRACT IN RESTRAINT OF TRADE.

Under anti-trust laws (Acts 28th Leg. c. 94), recovery cannot be had upon a contract wherein defendant agrees to sell no other goods than those sold him by plaintiff, to sell such goods at prices to be indicated by plaintiff, and to have no other business or employment.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 13; Dec. Dig. ⬥⟲17(2).]

Error from Nolan County Court; Jno. H. Cochran, Jr., Judge.

Action by the W. T. Rawleigh Medical Company against G. B. Gunn and others. From a judgment for defendants, plaintiff brings error. Affirmed.

Harry R. Bondies, of Sweetwater, for plaintiff in error. Woodruff, Christian & Woodruff, of Sweetwater, for defendants in error.

HIGGINS, J. Appellant sued Gunn as principal, and Holley, Kelly, and Bishop, as sureties, to recover a balance due upon open account for goods, wares, and merchandise sold and delivered by it to Gunn under a contract between appellant and Gunn dated April 15, 1911.

Those portions of the contract material to a consideration of the merits of this appeal read:

---

"Whereas, G. B. Gunn, of Ira, Texas, desires to purchase of the W. T. Rawleigh Medical Company of Freeport, Illinois, on credit and at wholesale prices to sell again to consumers, medicines, etc., * * * and other goods manufactured and put up by it, paying his account for such goods in installments as hereafter provided:

"Therefore, he hereby agrees to sell no other goods than those sold him by said company, to sell all such goods at regular retail prices to be indicated by it, and to have no other business or employment."

The contract otherwise is the same as was considered in Armstrong v. W. T. Rawleigh Medical Co., 178 S. W. 582. It was alleged that the goods were delivered to Gunn on board cars at Memphis, Tenn., and that the transaction was interstate commerce. A general demurrer to the petition was sustained upon the theory that the contract in question violated the provisions of the anti-trust laws (Acts 28th Leg. c. 94) of this state and was therefore void and unenforceable. The contract provided that Gunn was to sell no other goods than those sold him by appellant, and he was to have no other business or employment, and such goods were to be sold at regular retail prices to be indicated by appellant. Under the authorities, the contract was subject to the objections urged against its validity, and no recovery could be had thereon. Segal v. McCall Co. (Sup.) 184 S. W. 188; Armstrong v. W. T. Rawleigh Medical Co., supra; W. T. Rawleigh Medical Co. v. Fitzpatrick, 184 S. W. 549.

Affirmed.