W. T. RAWLEIGH MEDICAL CO. v. MAYBERRY et al. (No. 8527.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 17, 1917.)

1. COMMERCE ☜40(1)—MONOPOLIES ☜17(1) —CONTRACTS—VALIDITY.

A contract, providing that defendant should sell no other goods than those sold to him by

plaintiff, and should sell all goods at prices indicated by plaintiff, engaging in no other business or employment, is the transaction being interstate, and the goods not being patented, invalid under Vernon's Sayles' Ann. Civ. St. 1914, art. 7796, denouncing as trusts combinations of skill, capital, or acts to carry out restrictions in commerce, and maintain or fix the prices of merchandise, the contract also falling within the inhibition of Act Cong. July 2, 1890, c. 647, § 1, 26 Stat. 209 (U. S. Comp. St. 1913, § 8820), denouncing as illegal trusts in restraint of trade.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 29, 30; Monopolies, Cent. Dig. § 13.]

2. APPEAL AND ERROR ☞1029 — REVIEW — HARMLESS ERROR.

Where plaintiff, a foreign corporation, was not entitled to recover on a contract because it violated Vernon's Sayles' Ann. Civ. St. 1914, art. 7796, denouncing monopolies, the erroneous sustaining of an exception to plaintiff's petition, directed to the absence of an allegation that it had procured a permit to do business in the state, was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4035, 4036.]

3. JUDGMENT ☞122—RIGHT TO—WAIVER.

In an action against two defendants, where the demurrer of one of them was sustained to the petition and plaintiff did not request judgment against the other defendant, who did not answer, his right to judgment against such defendant was waived.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 222.]

Appeal from District Court, Eastland County; Thomas L. Blanton, Judge.

Action by the W. T. Rawleigh Medical Company against W. W. Mayberry and others. From a judgment for defendants, plaintiff appeals. Affirmed.

J. R. Stubblefield, of Eastland, for appellant. Earl Conner, of Eastland, for appellees.

BUCK, J. This is an appeal from the district court of Eastland county, wherein the plaintiff in error sued W. W. Mayberry, as principal, and J. T. Brown and A. B. Reed, as guarantors, for balance due for goods, wares, and merchandise, alleged to have been sold to Mayberry by plaintiff in error, in the sum of $646.38. The action was dismissed as to Reed, not served. Defendant Brown's exceptions 2, 3, 4, 5, and 6 to plaintiff's petition were sustained, and, plaintiff declining to amend, the cause was dismissed as to Mayberry and Brown. Plaintiff, by writ of error, appeals.

Defendant Mayberry filed no answer to plaintiff's suit in the trial court, nor is he represented in this court by brief or otherwise, though citation in error was served upon him.

The contract between plaintiff and defendants, upon which plaintiff's claim of the defendants' liability rests, was pleaded by plaintiff, and is, in substance and effect, the same character of contract shown in the case of Armstrong v. Rawleigh Medical Co., reported in 178 S. W. 582. In that case the Supreme Court dismissed the application for writ of error, for want of jurisdiction, but. we are not advised as to the ground upon which the Supreme Court predicated its conclusion that it was without jurisdiction, as in the cited case, as well as in the instant case, the cause originated in the district court. While we should have been pleased to have had the Supreme Court pass upon the questions presented in the cited case, yet in the absence of any authoritative expressions to the contrary from our Supreme Court, uttered since the rendition of our judgment in the cited case, we feel disposed to adhere to the conclusions therein expressed. This frame of mind is strengthened by the fact that the conclusions reached by us heretofore have met with the approval of the Court of Appeals for the Third District, in Rawleigh Medical Co. v. Fitzpatrick, 184 S. W. 549, and with the approval of the Court of Appeals for the Eighth District in Rawleigh Medical Co. v. Gunn, 186 S. W. 385. See, also, Pictorial Review Co. v. Pate Bros., 185 S. W. 309, by this court. It will also be noted that a writ of error was refused (170 S. W. xviii) in Watkins Med. Co. v. Johnson, cited by us in the Armstrong Case, supra. Hence we conclude that no useful purpose could be subserved by us in reviewing again the authorities, as is requested by plaintiff in error.

[1] Therefore we conclude that the trial court did not err in sustaining the exceptions of defendants leveled at those portions of the contract between the parties plaintiff and defendant, made a part of plaintiff's petition, which provided that defendant Mayberry, principal obligor, should sell no other goods than those sold to him by plaintiff, to sell all such goods at prices indicated by plaintiff, and to have no other business or employment. Article 7796, Vernon's Sayles' Texas Civil Statutes; Watkins Med. Co. v. Johnson, 162 S. W. 394; Armstrong v. Rawleigh Med. Co., 178 S. W. 582; Pictorial Review Co. v. Pate Bros., 185 S. W. 309; Rawleigh Med. Co. v. Fitzpatrick, 184 S. W. 549; Rawleigh Med. Co. v. Gunn, 186 S. W. 385. It should be further noted that the contract provided for the sale of extracts, spices, soaps, etc., articles which are not ordinarily patented, and therefore combinations in restraint of trade with reference to the sale thereof would be subject to the inhibition provided in section 1 of the act of July 2, 1890 (chapter 647, 26 Stat. 209), Fed. Stats. Annotated, vol. 7, p. 336 (U. S. Comp. St. 1913, § 8820); Swift & Co. v. U. S., 196 U. S. 375, 25 Sup. Ct. 276, 49 L. Ed. 518.

[2] While we are of the opinion that the court erred in sustaining an exception to plaintiff's petition, directed to the absence of an allegation that it had procured a permit to do business in the state of Texas, because, as against an exception, it affirmatively ap-

pears from the petition that the sales out of which this claim originated constituted interstate transactions, but this error becomes immaterial if we are correct in the conclusion reached that the contract relied on contained stipulations prohibited by article 7796. As was said in White Mfg. Co. v. Hertzberg, 51 S. W. 355:

"The sale and delivery to defendant in error may have been an interstate transaction but after the interstate portion of the transaction had ended, then the trust part of the contract arose."

[3] Plaintiff in error urges error in the failure and refusal of the court to render judgment against Mayberry, at least, the latter having been duly cited but answering not. The judgment recites that after certain exceptions of defendant Brown had been by the court sustained, and others overruled, "the plaintiff declining to amend or proceed further with this cause, it is therefore ordered, adjudged, and decreed by the court that plaintiff's cause of action be, and the same is hereby, dismissed as to said defendants J. T. Brown and W. T. (W.) Mayberry, etc. There is nothing in the record to show that plaintiff by written motion, tendered charge, or verbal request, sought a judgment against Mayberry after the court had ruled on the demurrers of defendant Brown. In this condition of the record, plaintiff in error must be held to have waived any rights which it may have had to a judgment against Mayberry alone.

The judgment must be affirmed; and it is so ordered.