W. T. RAWLEIGH CO. v. HUDSON et al.
(No. 1852.)

(Court of Civil Appeals of Texas. El Paso. Dec. 30, 1926.)

Monopolies ⬤⟝21—Salesman is not bound by agreement to pay debt arising under contract violating Anti-Trust Laws (Vernon's Ann. Civ. St. 1925, art. 7426 et seq.).

Contract restricting salesman's territory, and fixing prices at which he was to sell, and requiring him to give all his time to sale of goods *held* to violate Anti-Trust Laws (Vernon's Ann. Civ. St. 1925, art. 7426 et seq.), and not to require him to pay debt arising from sale of goods, though at end of enterprise he agreed with manufacturer on amount due and executed his obligation to pay.

Appeal from District Court, Comanche County; J. R. McClellan, Judge.

Action by the W. T. Rawleigh Company against W. E. Hudson and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Y. W. Holmes, of Comanche, for appellant.
Geo. E. Smith, of Comanche, for appellees.

WALTHALL, J. Appellant, the W. T. Rawleigh Company, an Illinois corporation, brought this suit to recover the sum of $1,732 of W. E. Hudson, Oscar Hudson, and Will Latta, the last two named being independent executors under the will of R. F. Hudson, deceased. Appellant pleaded a contract with W. E. Hudson, its performance guaranteed by R. F. Hudson, to sell, at wholesale, to W. E. Hudson, its products consisting of certain drugs, medicines, and other articles of merchandise. At the end of each year such contract was renewed, the last being renewal contract accepted by W. E. Hudson, February 17, 1921, and its performance guaranteed by R. F. Hudson. From time to time, there were agreed statements of account and written agreements to pay same, the last being of date December 31, 1921, and for the sum of $1,732.

Appellees, among other defenses not necessary to state, alleged that the renewal contract sued upon did not constitute the entire contract between the parties, and appellees pleaded same and the provisions thereof, and that by certain of its printed literature, letters, circulars, and other printed matter appellant imposed terms, conditions, and requirements as parts of said contract in making disposition of the articles of merchandise, which terms, conditions, and requirements appellees alleged were against public policy, and were in violation of the Anti-Trust Laws of this state (Vernon's Ann. Civ. St. 1925, art. 7426 et seq.).

The case was tried before the court without a jury. The court made and filed findings of fact and conclusions of law. The facts found are not controverted. They are lengthy, and we will state only portions of the findings. The court stated the renewal contract and its acceptance and the guaranty contract by R. F. Hudson, that appellant by letters and documents, both prior and subsequent to the execution of the contract, required W. E. Hudson to select certain territory within which sales of the articles, sold by appellant to W. E. Hudson, would be handled and sold by W. E. Hudson, and would not permit him to solicit orders for or make sales of said articles in territory other than in said restricted territory; that appellant required Hudson to devote the whole of his time to the sale of its products under its contract; that at the end of the year 1921 the account between appellant and W. E. Hudson was stated, showing a balance due appellant of $1,732, its correctness agreed to by Hudson and his written agreement to pay same.

The court further found that R. F. Hudson was dead and left a will, which was duly probated, in which he made provision for the payment of any sum that might be due by him under the contract in question.

The court concluded that the contract sued on, in and of itself, was binding and not in violation of our anti-trust statute, but that by letters and documents, both prior and subsequent to said contract, limiting Hudson's territory and limiting him in soliciting orders and making sales, as in the findings, and requiring Hudson to devote his whole time to soliciting and making sales therein, evidenced by the contract, in violation of the Anti-Trust Law, and that appellant take nothing by its suit, and so entered judgment

No objection is raised to the introduction of the evidence or the findings of the trial court. Appellant, in its brief, concedes that the contract, as practiced, was void as being in violation of the anti-trust statutes, appellee's territory being restricted and the prices at which he was to sell fixed and agreed upon, and he required to give all his time to the sale of the goods, but contends that at the end of the enterprise, appellee having agreed with appellant on the amount due and executed his obligation to pay for same, that such obligation was supported by a good consideration; that is, appellee's moral obligation to pay for the goods the amount so agreed. Appellant refers us to the original opinion in W. T. Rawleigh Co. v. Land, 261 S. W. 186, by the Texarkana court. The original opinion does sustain appellant's contention, but on motion for rehearing the court recedes from its former holding and takes the opposite view; the case is reviewed by the Commission of Appeals, Section A, Judge Nickels writing the opinion (279 S. W. 810), in which the whole situation is fully discussed and many authorities cited, and recommended that the case be affirmed. The Supreme Court, in considering the recommendation, said:

"Consideration of the facts convinces us that the written contracts between the parties, interpreted in the light of the actual practices between them, were prepared and signed for the purpose of violating the Anti-Trust Laws of this state within the state, and that the obligations arose in consummating this purpose. This leads to our concurrence in the opinion of the Court of Civil Appeals on motion for rehearing, and in the recommendation that the judgment of the Court of Civil Appeals be affirmed, and it is so ordered."

With slight unimportant omissions, the contract in the case at bar is the same as that referred to, and the actual practices between the parties the same, and, as said by the Supreme Court in the above quotation, the contracts were evidently prepared and signed for the purpose of evading and in violation of the Anti-Trust Laws of this state, and that the obligations sued upon arose in the consummation of such purpose. We think the above

case of Rawleigh Co. v. Land is conclusive of the issues presented here.

The case is affirmed.