**W. T. RAWLEIGH CO. v. BRADBERRY et al. (No. 2745.)**

(Court of Civil Appeals of Texas. Amarillo. Jan. 5, 1927. Rehearing Denied Feb. 2, 1927.)

Monopolies ⬥17(2)—Contract, limiting agent to sale of principal's goods in two counties at fixed prices held contrary to Anti-Trust Laws (Vernon's Ann. Civ. St. 1925, art. 7426 et seq.).

Contract, limiting sales agent to sale of goods in two counties only, at prices fixed by principal, and requiring him to devote his entire time, skill, and attention to selling goods purchased from principal by him, *held* void as violating the state Anti-Trust Laws (Vernon's Ann. Civ. St. 1925, art. 7426 et seq.).

Error from District Court, Dickens County; J. H. Milam, Judge.

Action by the W. T. Rawleigh Company against J. W. Bradberry and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Harry R. Bondies, of Sweetwater, for plaintiff in error.

W. D. Wilson, of Spur, for defendants in error.

RANDOLPH, J. The appellant brought this suit in the district court of Dickens county, against appellee—against Bradberry as principal, and the others named as sureties—to recover on a debt for goods and merchandise delivered to appellee Bradberry, as the sales agent of appellant, under the terms of a written contract. From a judgment in favor of appellees, this ·appeal has been taken.

Appellees' answer, in detail and sufficiently, pleads, as defenses to the suit brought by appellant, that the contract as entered into by the parties was and is void because by its terms (1) it limited Bradberry in the sale of the goods to Dickens and Kent counties ; (2) that under the ·contract Bradberry was to sell the goods at prices fixed by the

plaintiff; and (3) that the contract required Bradberry to devote all his time to the sale of the goods; all of which, it is alleged, constituted a violation of the anti-trust statutes of Texas (Vernon's Ann. Civ. St. 1925, art. 7426 et seq.).

The appellant has presented the case upon two general propositions (a) that the preponderance of the evidence is against the findings of the jury, and (b) that the issues were not presented to the jury in such wise as to require them, by their findings thereon, to establish the existence of an illegal contract.

The contract being considered in this case is substantially the same form of contract fully set out in the opinion of Judge Hodges in the case of W. T. Rawleigh Co. v. Land et al. (Tex. Civ. App.) 261 S. W. 186, and will not be set out here in full.

The trial court submitted issues to the jury, and the jury in answer thereto made the following findings: (1) That there was an agreement and understanding by and between the plaintiff and the defendant Bradberry, in connection with the written contract introduced in evidence, which was signed by both parties, that the said Bradberry was to sell the goods of plaintiff shipped to him only in the counties of Dickens and Kent. (2) That there was an agreement and understanding by and between the plaintiff and defendant Bradberry, in connection with said written contract, that the said Bradberry was to devote his entire time, skill, and attention to the business of selling goods purchased from the plaintiff by him. (3) That there was an agreement and understanding by and between the plaintiff and defendant Bradberry, in connection with said contract, that the said Bradberry was to sell the goods shipped to him by plaintiff at a price fixed by plaintiff.

In view of the discussion of the facts of each case, in the cases in which appellant has figured in the appellate courts of Texas, we do not feel that it is at all necessary to enter into a detailed statement of the facts in this case, and we only deem it necessary to say that the evidence in this case is sufficient for the jury to base their verdict on.

The Court of Civil Appeals in the Land Case, supra, fully discussed the questions presented here, and the Supreme Court expressly approved their opinion in approving the disposition of the case made by the Commission of Appeals. Chief Justice Cureton in such approval says:

"Consideration of the facts convinces us that the written contracts between the parties, interpreted in the light of the actual practices between them, were prepared and signed for the purpose of violating the Anti-Trust Laws of this state within the state, and that the obligations arose in consummating this purpose. This leads to our concurrence in the opinion of the Court of Civil Appeals on motion for rehearing and in the recommendation that the judgment of the Court of Civil Appeals be affirmed, and it is so ordered." 115 Tex. 319, 337, 279 S. W. 810, 814.

Finding no reversible error, we overrule all of appellant's propositions and assignments, and affirm the judgment of the trial court.