**W. T. RAWLEIGH CO. v. GOBER et al.**
**(No. 276.)**

Court of Civil Appeals of Texas. Waco.
March 1, 1928.

Rehearing Denied March 22, 1928.

1. Contracts ⚖➡10(4)—Agreement whereby company agreed to sell to dealer such of its goods as dealer might desire to purchase held lacking in mutuality.

Contract between company and dealer, whereby company agreed to sell to dealer at wholesale prices such of its goods, wares, and merchandise as dealer might from time to time desire to purchase, reserving right to limit sales or to refuse to sell in certain contingencies, held lacking in mutuality, since it did not bind dealer to purchase any merchandise at all from company.

2. Contracts ⚖➡10(4)—Agreement for sale and purchase of goods, not binding on purchaser, did not bind either party so long as it remained executory.

Where dealer under agreement with company was not bound to purchase any of its goods at all, neither party was bound by agreement so long as it remained executory.

3. Monopolies ⚖➡21—Defendants, sued on stated account, may show that account had its origin in part in supplemental contracts violating anti-trust laws (Rev. St. 1925, arts. 7426–7447).

Where stated account for merchandise sued on accrued under and by virtue of engagements of both original and supplemental contract, fact that there was nothing obnoxious to state anti-trust laws (Rev. St. 1925, arts. 7426–7447) in original contract did not affect defendant's right to plead and show that account had its origin in part at least in supplemental contract, which was in violation of such laws.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by the W. T. Rawleigh Company against F. J. Gober and others. From the judgment, plaintiff appeals. Affirmed.

John D. Abney, of Hillsboro, for appellant.
Collins & Dupree, of Hillsboro, for appellees.

GALLAGHER, C. J. This suit was instituted by the W. T. Rawleigh Company, a corporation, appellant herein, against F. J. Gober, Tom Tyler, and E. L. Tacker, appellees herein, to recover on a stated account for merchandise sold by appellant to appellee Gober for the sum of $1,932.29. The other appellees were sued on a written instrument guaranteeing the payment of said account. Appellee Tacker made default. The pleadings of the parties were sufficient to raise the issues presented as ground for reversal.

There was a trial by the jury on special issues, in response to which the jury found that appellant and appellee Gober contracted and agreed that: (a) The territory in which Gober was to sell the merchandise purchased from appellant by appellee should be restricted; (b) Gober was to sell such merchandise at a price fixed by appellant; (c) Gober should devote his entire time, skill, and attention to the business of selling such merchandise.

The court rendered judgment in favor of appellant against appellee Tacker by default for the sum sued for, and against appellant and in favor of appellees Gober and Tyler that appellant take nothing by its suit against them. Said judgment is here presented for review.

Opinion.

The contentions presented by appellant in this case as grounds for reversal of the judgment appealed from have practically all been considered and determined by the courts of this state. The leading case is W. T. Rawleigh Co. v. Land, 261 S. W. 186. The Court of Civil Appeals for the Sixth District, after a comprehensive consideration of that case, affirmed the judgment of the trial court therein denying appellant a recovery against Land and his guarantors. A writ of error was granted by the Supreme Court, and the case referred to Section A of the Commission of Appeals. That court, in an opinion containing an able discussion of the issues involved and an extensive citation of authorities, recommended that the judgment of the Court of Civil Appeals be affirmed. W. T. Rawleigh Co. v. Land, 115 Tex. 319, 279 S. W. 810. The Supreme Court, in adopting the judgment recommended by the Commission of Appeals (115 Tex. 331, 279 S. W. 814) said:

"Consideration of the facts convinces us that the written contracts between the parties, interpreted in the light of the actual practices between them, were prepared and signed for the purpose of violating the anti-trust laws of this state, within the state, and that the obligations arose in consummating this purpose. This leads to our concurrence in the opinion of the Court of Civil Appeals on motion for rehearing and in the recommendation that the judgment of the Court of Civil Appeals be affirmed, and it is so ordered."

[1-3] The facts in that case were practically the same as in this, except that the sole issue found by the jury in that case was that Land was restricted to defined territory in making sales of merchandise purchased from appellant. Appellant insists that this case is distinguishable from the Land Case in the binding effect of the obligation assumed by appellant in the contracts sued on herein. In said contracts appellant agreed to sell to appellee at wholesale prices such of its goods, wares, and merchandise as he might from time to time desire to purchase, reserving the right to limit sales, or to refuse to sell in certain contingencies. The contract in the Land Case recited that Land desired to purchase such goods, wares, and merchandise as appellant should thereafter determine to sell to him, the kind and quantity to be optional with appellant, and appellant in that connection agreed to sell and deliver the same to him at wholesale prices. We do not think there is any substantial difference between said two contracts as to their binding effect. If the contract in the Land Case was, as held by the Court of Civil Appeals, lacking in mutuality because it did not bind appellant to sell any merchandise at all, the contract in this case is equally so, because Gober did not bind himself to purchase any merchandise at all from appellant. Whether he should purchase any such merchandise was left wholly at his option or pleasure. Unless both appellant and Gober were bound by the terms of said contracts, so long as the same remained executory, neither was bound thereby. Clegg v. Brannan, 111 Tex. 367, 372–374, 234 S. W. 1076; Hill v. Hunter (Tex. Civ. App.) 157 S. W. 247, 253 (writ refused); Halff Co. v. Waugh (Tex. Civ. App.) 183 S. W. 839 (writ refused); Edwards v. Roberts (Tex. Civ. App.) 209 S. W. 247. If the subsequent performance of said contracts by the sale and purchase of merchandise was induced by the supplemental agreements found by the jury to have been made by appellant and Gober, it is immaterial whether the original written contracts were unenforceable from lack of mutuality or not. In such case the account sued on accrued under and by virtue of the engagements of both original and supplemental contracts, and the fact that there was nothing obnoxious to our anti-trust laws (Rev. St. 1925, arts. 7426–7447) expressed in said original executory contracts would not control nor affect appellee's right to plead and show that said account had its origin, in part at least, in the supplemental contracts, which were void because in violation of such laws. W. T. Rawleigh Co. v. Land, supra, 115 Tex. 331, 279 S. W. 814.

The issues in this case are substantially the same as the issues in the Land Case. We are therefore of the opinion that all of appellant's propositions presented as ground for reversal herein should be overruled. See, also, W. T. Rawleigh Co. v. Watson (Tex. Civ. App.) 256 S. W. 955; W. T. Raleigh Co. v. Mayberry (Tex. Civ. App.) 193 S. W. 199; W. T. Raleigh Co. v. Gunn (Tex. Civ. App.) 186 S. W. 385; W. T. Raleigh Co. v. Fitzpatrick (Tex. Civ. App.) 184 S. W. 549; W. T. Raleigh Co. v. Hudson (Tex. Civ. App.) 290 S. W. 775; W. T. Raleigh Co. v. Bradberry (Tex. Civ. App.) 290 S. W. 870.

The judgment of the trial court is affirmed.