## W. T. RAWLEIGH CO. v. HARPER et al.
### (No. 672.)

Court of Civil Appeals of Texas. Waco.
May 30, 1928.

Rehearing Denied June 21, 1928.

1. Monopolies �köm17(1)—Contract for purchase and resale of goods requiring purchaser to devote entire time thereto held in violation of anti-trust laws (Rev. St. 1925, arts. 7426–7429; Pen. Code 1925, arts. 1632, 1634).

Contract for purchase and resale of goods, requiring purchaser to devote his entire time, skill, and attention to business of selling goods, *held* in violation of Rev. St. 1925, arts. 7426–7429, and Pen. Code 1925, arts. 1632, 1634, as tending to create a trust and lessen competition in trade.

2. Monopolies ⊂⊃17(1)—Contract between foreign corporation and state resident for purchase and resale of goods at retail within state held within anti-trust laws (Rev. St. 1925, arts. 7426–7429).

Contract between foreign corporation and resident of state for purchase and resale of goods *held* within Rev. St. 1925, arts. 7426–7429, prohibiting trusts, monopolies, and conspiracies against trade, where provisions thereof related to sale at retail within state by purchaser after goods became his property.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Suit by the W. T. Rawleigh Company against Robert Harper and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Garrett & Garrett, of Jacksonville, and Barney A. Garrett, of Waco, for appellant.

Williams, Williams, McClellan & Lincoln, of Waco, for appellees.

STANFORD, J. Suit by appellant, an Illinois corporation, against appellees Robert Harper, as principal, and J. D. Taylor, T. B. Stanford, and W. B. Stanford, as guarantors, for $1,158.84, alleged to be due appellant for Rawleigh products sold by appellant to appellee Robert Harper under and by virtue of the terms of a written contract. Appellees answered specially that the contract sued upon did not constitute the entire contract and agreement between appellant and appellee Harper; that both before and after the execution of the so-called written contract declared upon plaintiff, by instructions both verbal and in writing and by printed literature, by letters, circulars, and other printed matter, imposed upon defendant Harper terms, conditions, and requirements as parts of said contract in making disposition of the products so purchased from the Rawleigh Company, which terms, conditions, and requirements were, and are, in violation of the anti-trust laws of the state of Texas (Rev. St. 1925, arts.

7426–7447), in that, prior and subsequent to the execution of the so-called written contract declared upon, plaintiff, by letters, documents, etc., required defendant Harper, as a part of said contract and as a condition of selling him its goods, to select certain territory and to confine his resale of said products to said territory, and also required Harper to devote the whole of his time to the sale of plaintiff's products, and also plaintiff, by the means above mentioned, required Harper to sell said goods at a price fixed by plaintiff, etc.

In response to special issues, the jury found:

"(1) That there was no agreement and understanding between plaintiff, W. T. Rawleigh Company, and defendant Robert Harper, in connection with the written contract, that the said Robert Harper was to sell the goods of plaintiff only in the territory described as the western part of Limestone county, Tex.

"(2) There was an agreement and understanding by and between the plaintiff, W. T. Rawleigh Company, and the defendant Robert Harper, in connection with said written contract, that the defendant Harper was to devote his entire time, skill, and attention to the business of selling goods purchased from the plaintiff by him.

"(3) There was no agreement and understanding between the Rawleigh Company and Harper in connection with said written contract, that the said Harper was to sell the goods bought from plaintiff at a price fixed by plaintiff, Rawleigh Company."

Upon the answer of the jury to special issue No. 2 above, and such other findings as the court was authorized from the pleading and evidence to make, the court entered judgment for appellees. Appellant has duly appealed, and presents the record here for review.

[1, 2] We agree with appellant's contention to the effect that this record presents but one question, to wit: Did the finding of the jury that, "There was an agreement and understanding by and between the plaintiff, W. T. Rawleigh Company, and the defendant Robert Harper, in connection with said written contract, that the defendant Harper was to devote his entire time, skill, and attention to the business of selling goods purchased from the plaintiff by him," under the circumstances of this case, establish a contract violative of the anti-trust laws of this state? Appellant contends such clause of the contract is not repugnant to our anti-trust laws, because: (1) The purchaser was left free by the contract to determine the place and price at which he would resell said goods; and (2) the purchase and shipment of said goods, being interstate, the Texas anti-trust laws have no application. The written contract involved here is the same as was involved in W. T. Raleigh Co. v. Land et al., 115 Tex. 319, 279 S. W. 810,

and in a number of other Texas cases that have been before our appellate courts. There is no contention that this finding of the jury to special issue No. 2 is not sustained by the evidence. The record discloses that appellant, the W. T. Rawleigh Company, was an Illinois corporation, engaged in the manufacture and sale at wholesale prices of certain products or goods manufactured by it; that appellee Robert Harper was a resident and citizen of Limestone county, Tex.; the parties being designated in the written contract as "the W. T. Rawleigh Company, an Illinois corporation, hereinafter called the seller, and Robert Harper of Delia, Texas, hereinafter called the buyer." The guarantors were also citizens of Texas. Said goods were shipped by appellant to appellee Harper on orders sent in by him, consigned to Harper at points in Texas, near where he lived and sold said goods at retail. Harper was in no sense an agent or representative of appellant in the sale of said goods, but was in business for himself, engaged in buying the goods manufactured by appellant at wholesale and selling same at retail in or near Limestone county, Tex. Harper was for three years so engaged in buying said goods at wholesale and selling same in or near Limestone county, Tex., at retail; the original contract being renewed each year. There is no contention that Harper ever sold any goods elsewhere than in Texas, nor that it was ever contemplated by either party that he would do so. When goods were sold by appellant to appellee Harper and delivered to him in Texas, the absolute title to said goods, situated in Texas, vested in Harper, the purchaser; appellant not even having any kind of a lien or claim upon same, and therefore appellant could not properly be interested in the resale of same by Harper at retail in Texas, and had no right by contract to place restrictions upon Harper as to the time devoted by him in reselling said goods, or as to whether he should sell similar goods manufactured by other concerns, or as to whether he devoted a part or all of his time to other pursuits.

But the jury found, in effect, that there was an agreement between the W. T. Rawleigh Company, the seller, and Robert Harper, the purchaser, in connection with said written contract, that Harper should devote his entire time, skill, and attention to the selling of the goods so manufactured and sold by appellant to Harper. The clear import and meaning of this agreement was that Harper would devote his entire time to the sale of the goods manufactured by the W. T. Rawleigh Company, and would not sell any other similar goods manufactured by any other concern. If appellant could have made a similar contract with every dealer in Texas retailing the same character of goods as that manufactured by appellant, then it would thereby have excluded all other similar goods, and secured for itself a monopoly of the Texas market. This feature of said contract, under the facts of this case, tended to create a trust and to lessen competition in trade, and so was violative of our anti-trust statutes, and said contract was therefore void in its entirety. Articles 7426–7429, Revised Statutes 1925; articles 1632 and 1634, Penal Code 1925; Caddell et al. v. Watkins Medicine Co. (Tex. Civ. App.) 227 S. W. 226; W. T. Rawleigh Co. v. Fitzpatrick et al. (Tex. Civ. App.) 184 S. W. 549; Newby v. Rawleigh Co. (Tex. Civ. App.) 194 S. W. 1173; 41 C. J. p. 146, § 133. As the illegal feature of said contract related to the sale at retail in Texas of said goods by Harper after same became his property, situated in Texas, the anti-trust statutes of Texas are applicable. W. T. Rawleigh Co. v. Land, 115 Tex. 319, 279 S. W. 810; Id. (Tex Civ. App.) 261 S. W. 186; W. T. Rawleigh Co. v. Gober (Tex. Civ. App.) 3 S.W.(2d) 845; W. T. Rawleigh Co. v. Marshall (Tex. Civ. App.) 248 S. W. 153. And it is immaterial that appellee Harper breached said contract by failing to devote his entire time to the sale of the goods bought from appellant, as he had contracted to do. His so doing could not and did not purge the contract of the taint of illegality. Clearly we think the contract here involved was subject to the anti-trust laws of Texas, and was contrary to public policy and violative of our statutes denouncing trusts, monopolies, and conspiracies against trade. Articles 7426, 7427, and 7428, Revised Civil Statutes 1925; W. T. Rawleigh Co. v. Land et al. (Tex. Com. App.) 279 S. W. 810; Id. (Tex. Civ. App.) 261 S. W. 186; W. T. Rawleigh Co. v. Smith et al. (Tex. Civ. App.) 231 S. W. 799; W. T. Rawleigh Co. v. Hudson et al. (Tex. Civ. App.) 290 S. W. 775; Newby et al. v. W. T. Rawleigh Co. (Tex. Civ. App.) 194 S. W. 1173; W. T. Rawleigh Co. v. Bradberry (Tex. Civ. App.) 290 S. W. 870; Whisenant et al. v. Shores-Mueller Co. (Tex. Civ. App.) 194 S. W. 1175.

We have considered all of appellant's contentions, and, finding no error, overrule same. The judgment of the trial court is affirmed.

Associate Justice BARCUS took no part in the consideration and disposition of this case.