# W. T. RAWLEIGH CO. v. BAKER et al.

## No. 5230.

Court of Civil Appeals of Texas. Texarkana.

May 5, 1938.

Atchley & Vance, of Texarkana, for plaintiff in error.

Wm. V. Brown and John D. Raffaelli, both of Texarkana, for defendants in error.

WILLIAMS, Justice.

Plaintiff in error, W. T. Rawleigh Company (a foreign corporation), plaintiff below, was denied recovery wherein this company sought a judgment against defendant in error James S. Baker as principal, for merchandise sold to him, and against defendants in error T. H. Moores and E. M. Rochelle upon a surety agreement in which these sureties guaranteed payment of any sums due by said Baker to plaintiff for any merchandise sold and delivered. As basis for recovery, plaintiff alleged that prior to sale and delivery of the merchandise to the defendant Baker, he made writ-

ten orders upon plaintiff in which he promised to pay for same, per terms and conditions of invoices covering the same, and that plaintiff sold and delivered the said merchandise according to the terms of said written orders. The petition then set out alleged portions, verbatim, of each of said written orders. None of these orders were introduced in evidence. The petition further alleged that credit was furnished to defendant Baker by reason of said surety agreement, and pleaded verbatim the said agreement. The petition contained no further allegations of a written contract entered into between it and defendant Baker.

Appellee answered with general and special exceptions, general and special denials and pleaded specially that whatever merchandise sold and delivered by plaintiff to defendant Baker was under a contract partly written and partly oral; that before plaintiff agreed to sell to defendant and before it did sell and deliver to defendant its products, and during the time it was delivering to defendant its products, that plaintiff by verbal instructions through its field agents and in writing from its management, and by printed literature, letters, circulars and other printed matter imposed upon defendant Baker terms, conditions and requirements as part of said contract in making disposition of the products so purchased from the plaintiff, which terms, conditions and requirements were, and are in violation of the anti-trust laws of the State of Texas (Articles 7426–7447, R.C.S.1925) in that prior and subsequent to the sales agreement, plaintiff by letters, documents and through its traveling representatives and sales forces required defendant Baker, as a part of said agreement and as a condition of his selling its goods, to confine his resale of said products to a certain defined territory and outside of towns of population of 1,000 or over in said territory; and to sell the goods purchased by him from the plaintiff only at retail at prices fixed and named by the plaintiff; and required said Baker to devote the whole of his time to the sale of its products.

In response to special issues the jury found there was an agreement and understanding between plaintiff and defendant, that the defendant was to sell this merchandise (1) only at retail; (2) at prices fixed and named by plaintiff; (3) to sell the goods purchased by him from the plaintiff only in the following territory—"South of the T&P Railroad, Paris through Blossom, and East of the TM Railroad, Paris to Howland, Lamar County, Texas;" (4) to sell same only outside of towns of 1,000 population or over in the above territory; and (5) he was to devote his entire time to the sale of this merchandise in said territory.

■ We do not deem it necessary to enter into a detailed statement of the evidence. The findings of the jury upon the issues submitted to them are supported by the testimony of defendant Baker corroborated by letters, suggested price lists and bulletins which were mailed by the Company to Baker. The evidence at least presented jury questions, and we do not feel warranted in disturbing these findings.

■ Plaintiff introduced in evidence an "account stated," reading as follows:

"Account Stated.

"The W. T. Rawleigh Company,

"January 25, 1931.

"Dear Sirs:—I have examined the December statement of account and find the balance of $1,090.69 to be correct balance due the Company at the close of business December 31, 1930, which balance I agree to pay according to the terms of my contract.

"(Signed)  J. S. Baker,
"P. O.,  Paris,
"County,  Lamar,
"State,  Texas."

It is to be noted that this "account stated" refers "to the terms of my contract." It is evident from this recital that these parties had entered into an agreement in the sale of these products. The Court of Civil Appeals in Rawleigh Co. v. Land, 261 S.W. 186, has fully discussed the question presented here. The Supreme Court expressly approved this opinion (the same case) reported in 115 Tex. 319, 279 S.W. 810. See, also, T. W. Rawleigh Co. v. Harper, Tex.Com. App., 17 S.W.2d 455, and W. T. Rawleigh Co. v. Gober et al., Tex.Civ.App., 3 S.W. 2d 845.

Finding no error, the judgment of the trial court is affirmed.